**In re Steven A. & Michele L. CASSIDY, Debtors.**

**Richard A. Wilson, Trustee, Plaintiff,**

v.

**Steven A. Cassidy, et al., Defendants.**

**Bankruptcy No. 99–51729.
Adversary No. 01–5089.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Feb. 5, 2002.

Edward A. Bailey, Cleveland, OH, for Provident Bank.

Debra E. Booher, Akron, OH, for Michele L. Cassidy and Steven A. Cassidy.

Jeffrey T. Heintz, Akron, OH, for Richard A. Wilson.

## ORDER DENYING MOTION FOR RELIEF FROM DEFAULT JUDGMENT

MARILYN SHEA–STONUM, Bankruptcy Judge.

This matter came before the Court on the Plaintiff's/Trustee's Motion for Default Judgment, granted on September 25, 2001 [docket # 8], the Motion of Defendant Delta Funding Corporation ("Delta") for Relief from Default Judgment (the "Motion for Relief") [docket # 11], filed on November 14, 2001, and the Trustee's Memorandum in Opposition to the Defendant's Motion for Relief (the "Memorandum in Opposition")[docket # 13], filed on December 4, 2001.

This proceeding arises in a case referred to this Court by the Standing Order of Reference entered in this District on July 16, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b).

## I. BACKGROUND

On June 9, 1999, Steven A. & Michele L. Cassidy (the "Debtors") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. At the time of the filing the Debtors were the owners of real property located at 835 W. Main Street, Ravenna, Ohio. On June 11, 1999 Delta was given notice of the filing by the Clerk of Court's office. The notice was sent to Delta at "PO Box 9035, Syosset, N.Y. 11791–9035." On October 18, 1999 the Debtors were discharged and a copy of their discharge was also sent to Delta at its Syosset, N.Y. address. On December 30, 2000 the case was transferred to the docket of Judge Shea–Stonum and a copy of that notice was sent to Delta at its Syosset, N.Y. address. None of the notices was re-

turned to the Clerk's office as undeliverable.

On June 7, 2001 Richard A. Wilson, chapter 7 trustee (the "Trustee"), filed the above-captioned adversary proceeding alleging that Delta's recorded mortgage on the Debtors' property, listed on the Debtors' Schedule D as a secured claim, was invalid.[1] The trustee alleged that the mortgage had been defectively executed pursuant to Ohio Rev.Code § 5301.01 and as such was voidable by a *bona fide* purchaser.[2] Service of the summons and a copy of the Complaint was made on July 3, 2001 to Delta at "P.O. Box 9035, Syosset, New York, 11791–9035."

On August 17, 2001 the Debtors filed their pre-trial statement and the Certificate of Service attached thereto indicated that a copy of that pleading had been sent to both Delta at its Syosset, N.Y. address and "Ocwen Federal Bank, P.O. Box 51477, Los Angeles, CA 90051–4577."

Delta failed to plead or otherwise respond to the Complaint and the Trustee moved for Default Judgment on August 29, 2001. The Motion was granted on September 25, 2001.[3]

On November 14, 2001, seven weeks after the Motion was granted, Delta filed its Motion for Relief alleging that on May 2, 2001 Delta had transferred the servicing rights and responsibilities for all its loans to Ocwen Federal Bank, FSB ("Ocwen").

In early June, 2001 Delta requested that all mail deliverable to the above-noted post office box be forwarded by the postal service to Ocwen.

Delta attached the affidavit of Jeanne Hedum (the "Hedum Aff."), its Director of Office Services, to its Motion for Relief. In her affidavit Hedum stated that prior to the transfer of service to Ocwen, Delta received payments from mortgagors at the Syosset, N.Y. post office box but not documents related to legal proceedings. Hedum Aff. at ¶ 6. She further stated that to the best of her knowledge "Delta has not received a copy of the Complaint or any other documents with regard to Adversary Proceeding No. 01–5089 . . . ." *Id.* To her affidavit Hedum attached the assignment of the Debtors' mortgage to Delta listing Delta's address as "1000 Woodbury Road, Suite 200, Woodbury, New York 11797."

In its Motion for Relief Delta requested that the Court set aside the Default Judgment pursuant to Fed. R. Bankr.P. 9024 and Fed.R.Civ.P. 60(b)(1) and (6).

On December 4, 2001, the Trustee filed his Memorandum in Opposition arguing that since service had been made in accordance with Fed. R. Bankr.P. 7004(b) the Court should deny Delta's Motion for Relief.

## II. ANALYSIS

In seeking to avoid default judgments defendants look to Fed.R.Civ.P. 60(b).

---

**1.** Delta is the record owner and holder of the note and mortgage. The actual owner is Bank One, N.A. as Trustee under the Pooling and Servicing Agreement of March 31, 1998. However, Delta retained the servicing rights for this loan.

**2.** The Trustee alleged that only one witness was present when the mortgage papers were signed, not two as required by Ohio statute, making this action another in the series of "one witness mortgage" cases filed in this District.

**3.** In light of the Sixth Circuit's strong preference for judgments on the merits, and notwithstanding Fed.R.Civ.P. 55's more expedited approach to default judgment, it is the practice of this Court to require that a Motion for Default Judgment be filed and served on all parties and to allow the time for response to lapse before the Order granting Default Judgment issues.

Rule 60(b) is applicable to bankruptcy proceedings pursuant to Fed. R. Bankr.P. 9024. *In re Schlosser,* 100 B.R. 348, 349 (Bankr.S.D.Ohio 1989). Delta relies on 60(b)(1) and (6) in its Motion for Relief. Rule 60(b) provides, in pertinent part:

**(b) Mistakes, Inadvertence; Excusable Neglect; Newly Discovered Evidence, Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ... (6) any other reason justifying relief from the operation of the judgment.

The question is whether Delta is entitled to relief under subsection (1) or (6) of Fed.R.Civ.P. 60(b). Delta asserts that it is entitled to relief under 60(b)(1) because it was due to mistake or inadvertence that it did not file an Answer or otherwise defend. It states that "inadvertence and mistake are understandable in light of the servicing transfer that occurred just before the filing of the Complaint." Motion for Relief at 5. It further states that "[t]he Trustee served the complaint in the midst of confusion related to the transfer of all of its loan servicing to Ocwen," and that "Delta's conduct [can be] described as confused by events occurring simultaneously with the filing of the complaint." Motion for Relief at 7.

■ "A party seeking relief from judgment under Rule 60(b) must show that its case comes within the provisions of the Rule." *Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir.1993). Delta asks this Court to consider its Motion for Relief pursuant to 60(b)(1) using the standard of the Sixth Circuit's holding in *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.,* 705 F.2d 839, 845 (6th Cir.1983). The factors set forth in that case were: (1) whether the plaintiff would be prejudiced; (2) whether the defendant had a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. However, *United Coin Meter* was subsequently modified by *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290 (6th Cir.1992).

■ Under the *Waifersong* standard the factors to be considered by the court when a defendant invokes 60(b)(1) are similar to those in *United Coin Meter* and include: "(1) whether culpable conduct of the defendant led to the default; (2) whether the defendant has a meritorious defense; and (3) whether the plaintiff will be prejudiced." *Waifersong* at 292. *See also United Coin Meter* at 845. The methodology for considering these factors and the weight to be accorded them depends on whether the court is confronted with an entry of default or a default judgment. *Id.* When a defendant seeks to avoid a judgment, "the specific requirements of Rule 60(b) narrow the scope of the court's equitable inquiry." *Id.*

Rule 60(b)(1) mandates that a defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect. "It is only when the defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted." *Manufacturers' Industrial Relations Assoc. v. East Akron Casting Co.,* 58 F.3d 204, 209 (6th Cir.1995), *citing Waifersong* at 292.

### A. Mistake, Inadvertence, Surprise, or Excusable Neglect.

■ In none of its pleadings does Delta identify what behavior by what entity constitutes "mistake, inadvertence, sur-

prise, or excusable neglect," as required by 60(b)(1). Delta does not aver that it did not receive from the Clerk of Court the notice of the filing of the petition, the notice of the Debtors' discharge and the notice of the transfer of the case that had all been mailed to the post-office box address in Syosset, N.Y., even though in her affidavit Hedum avers that "Box 9035 was typically used only for payments and not legal papers or legal process." Hedum Aff. at ¶ 6. In addition, Hedum does not aver that Ocwen never received the summons or Complaint and did not aver that Ocwen failed to forward them to Delta,[4] only that to the best of the affiant's knowledge Delta did not receive them. *Id.* Nothing was said about the level of inquiry that formed the basis of the affiant's knowledge. It is generally assumed that a document sent through the mail is received unless there is evidence to the contrary. *Rosenthal v. Walker,* 111 U.S. 185, 193–94, 4 S.Ct. 382, 28 L.Ed. 395 (1884)(under the common law mailbox rule, proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee); *Wood v. Commissioner of Internal Revenue,* 909 F.2d 1155, 1161 (8th Cir.1990).

Delta states that it transferred its servicing rights and responsibilities to Ocwen, and the Court notes that Delta must have intended to do so. In none of the pleadings does Delta state the arrangements made with Ocwen concerning how the parties were to relate to each other during the time of the transition of rights and responsibilities between the parties.[5] Further, Delta does not tell the Court why this transfer resulted in "confusion" and confused conduct on its part, what the confusion was, or what conduct was confused. Delta, the movant, and Ocwen, its transferee, were the parties in the best position to exercise control over the arrangements and foresee the practical difficulties, if any, that would occur, or could reasonably be anticipated to occur. Financial institutions should develop mechanisms and safeguards to avoid "confusion" and "confused conduct" and to protect their customers when changes are intentionally made by them in the manner by which they interact with those customers.

In addition, the arrangement was made with Ocwen May 2, 2001, the forwarding notice was sent in early June, 2001 and the Complaint was not served until July 3, 2001, two months after the initial arrangement had been made. Mortgagees which choose to use servicing agents must be held responsible for establishing reliable procedures to receive mail sent to the most current address provided to its mortgagor.

Delta's assertion that it "did not receive a copy of the Complaint or any other documents" related to this adversary proceeding is not a sufficient basis for granting the relief it seeks. To prevail, it would need to plead facts sufficient to show that its intentional arrangement with Ocwen was not the source of the problem of which it complains. The central question is what behavior by what entity constituted the mistake, inadvertence or excusable neglect. Delta should at least have enlightened the Court as to why relief should be granted on those grounds. The burden is

---

4. Receipt by Ocwen would be deemed receipt by Delta as Delta's rights and responsibilities had been intentionally transferred to Ocwen.

5. The Court assumes that Delta and Ocwen must have had some arrangement between them as to how the transfer would be accomplished, and what the various responsibilities

each would have to the other to make sure the transition was smooth and payments and other documents would not be, literally, "lost in the shuffle." They are two sophisticated entities dealing with large sums of money and responsible for many accounts.

upon the movant to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality. The mere allegation that the movant's failure to file a timely answer was due to "mistake, inadvertence, surprise, or excusable neglect," caused by a change in a routine business arrangement, without any elucidation, cannot be expected to warrant relief. If the post office mishandled the pleadings, if Ocwen neglected its duties to Delta or if Delta did not timely respond because its own mistake, inadvertence, or excusable neglect, Delta should have so stated.

Applying *United Coin Meter* as clarified by *Waifersong* to the facts the Court has been given in this case, the Court concludes that Delta has not carried its burden of demonstrating that its failure to respond to the Complaint was the product of mistake, inadvertence, or excusable neglect, the burden of which should be visited on the plaintiff.

### B. Meritorious Defense

■ Even if Delta were able to provide facts to this Court to establish mistake, inadvertence, surprise, or excusable neglect, Delta has not made a plausible argument that it has a meritorious defense.[6] It states that if permitted to defend it would raise defenses that (1) the mortgage was validly executed and the Trustee cannot sustain his burden of proof that it was defectively witnessed, and (2) that the Trustee's victory, should he prevail, would be limited by other provisions of the Code. Delta further states that these defenses have been meritorious in other bankruptcy

cases regarding one witness mortgage cases and cites *In re Zaptocky,* 250 F.3d 1020 (6th Cir.2001) and *In re Lepelley,* 233 B.R. 802 (Bankr.N.D.Ohio 1999), as examples of these defenses.

As to its *Zaptocky* defense, Delta does not affirmatively state that two witnesses were present and does not address efforts made to determine if the two witnesses whose names appear on the document were actually present. As to its *Lepelley* defense, Delta does not state any actions taken by it that might meet the standards of ¶¶ 544(a) or 550(e)(2)(D) of the Bankruptcy Code.

The Motion for Relief leaves the Court guessing as to what defenses Delta is prepared to prove and whether its representation that it has a meritorious defense is not, in reality, a mere hope.

### C. 60(b)(6)

■ Relief under Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund,* 249 F.3d 519, 524 (6th Cir.2001), *citing Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990). *See also Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 863–64, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). This is because "almost every conceivable ground for relief is covered" under the other subsections of Rule 60(b). *Olle* at 365, *see also Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir.1989). Courts must

---

**6.** Under *Waifersong,* if the defendant cannot show "mistake, inadvertence, surprise, or excusable neglect," there is no need to examine the other two factors, the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff. However, the Court will address the issue of a meritorious defense

because of the tremendous importance of the variation in factual issues in these one witness mortgage cases, as the cases in this District so amply demonstrate. However, the Court need not, and thus will not, address the factor of prejudice to the plaintiff.

apply Rule 60(b)(6) only in "unusual and extreme situations where principles of equity mandate relief." *Olle* at 365.

There is nothing "unusual" or "extreme" in this case. Corporations make new arrangements between themselves every day and should be capable of setting them up in a business-like and mutually advantageous manner so that each business, and each business's customers, receive the attention necessary. Rule 60(b)(6) does not apply in this case.

### III.  CONCLUSION

Based on the foregoing the Motion for Relief from Default Judgment is DENIED.

**IT IS SO ORDERED.**