NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0340n.06

No. 14-1552

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 07, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ALAN M. HORDS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| OCWEN LOAN SERVICING, LLC, and U.S. | ) | COURT FOR THE EASTERN |
| BANK NATIONAL ASSOCIATION, as Trustee for | ) | DISTRICT OF MICHIGAN |
| RASC 2006-KS6, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: COLE, Chief Judge; GILMAN and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Alan Hords filed this lawsuit after the defendants foreclosed on his home. The defendants moved to dismiss. For reasons unknown, Hords—or more precisely, his attorney—never responded to the motion even though the district court extended the deadline three times. Eventually, the court dismissed Hords's lawsuit for failure to state a claim. Two months later, Hords—by then pro se—filed a "motion for reconsideration" in which he asked the court to vacate its judgment under Federal Rule of Civil Procedure 60(b). The court denied the motion, holding that it was untimely. Hords appeals that denial.

As an initial matter, the district court treated Hords's motion as if he had filed it under Eastern District of Michigan Local Rule 7.1, rather than under Federal Rule of Civil Procedure 60(b), which is what in fact he filed it under. But that distinction makes no difference to the outcome here. Under Rule 60(b), a court may vacate a judgment for specified reasons, including

"mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Here, Hords sought relief on grounds of his attorney's "mistake" in failing to file a response to the defendants' motion to dismiss. To obtain relief for a mistake, however, a litigant must show, among other things, that the error is excusable. *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012). Moreover, a client is accountable for his attorney's "acts and omissions[.]" *Id.* at 629. And Hords offers no basis to find that his attorney's failure to file a response was excusable. Thus, we find no abuse of discretion in the district court's rejection of Hords's motion. *See id.* at 628.

Hords also argues that equity justifies Rule 60(b) relief because his complaint states a claim for fraud. But Hords failed to make this argument below, so he has forfeited it. *See Vance v. Wade*, 546 F.3d 774, 781 (6th Cir. 2008). Moreover, we agree with the district court that Hords's complaint did not plead fraud with the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure.

The district court's judgment is affirmed.