**IN RE: Omar ABU-HAMDAN, Debtor.**

**Mark H. Shapiro, Trustee, Plaintiff,**

**v.**

**Diana Abu-hamden, Defendant.**

**Case No. 15-56833**
**Adv. Pro. No. 16-4319**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Signed October 17, 2016

---

Tracy M. Clark, Steinberg Shapiro & Clark, Southfield, MI, for Plaintiff.

Edward J. Gudeman, Gudeman & Associates, P.C., Royal Oak, MI, for Defendant.

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND FOR RELIEF FROM JUDGMENT

Thomas J. Tucker, United States Bankruptcy Judge

This case is before the Court on the Debtor's motion entitled "Defendant's Motion to Set Aside Default Judgment Pursuant to F.R.C.P. 55(c) and F.R.C.P. 60(b), Deny Plaintiff's Motion for Contempt and Stay the Court's Order for Delivery of Property," filed October 7, 2016 (Docket # 45, the "Motion"), which the Court construes as a motion for reconsideration of,

1. The Default Judgment was amended on September 28, 2016 (Docket # 41), in a way

and for relief from, the default judgment entered on July 1, 2016 (Docket # 22, the "Default Judgment").[1] The Plaintiff Chapter 7 Trustee has filed an objection to the Motion, on October 17, 2016 (Docket # 46). The Court concludes that a hearing on the Motion is not necessary, and that the Motion must be denied for the following reasons.

*First*, to the extent the Motion is a motion for reconsideration, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* Local Rule 9024-1(a)(3).

*Second*, the Court finds that the Motion does not establish excusable neglect under Fed. R. Civ. P. 60(b)(1), Fed. R. Bankr. P. 9024, or any other valid ground for relief from the Default Judgment, whether under Fed. R. Civ. P. 60(b)(6) or any other authority.

*Third*, the Court finds that the Motion was not made within a reasonable time after the entry of the Default Judgment, as required by Fed. R. Civ. P. 60(c)(1). This is particularly so given the extensive efforts to enforce the Default Judgment that were reasonably undertaken by the Plaintiff Trustee during the more than three months that elapsed from the time the Default Judgment was entered on July 1, 2016 and the October 7, 2016 date on which the Motion was filed. (These enforcement efforts are described in the Plaintiff Trustee's brief opposing the Motion, Docket # 46 at pdf pp. 8-12, and 19). Defendant's failure to file the Motion "within a reasonable time," as required by

that is not relevant to the Motion.

Rule 60(c)(1), precludes any relief under Rule 60(b)(1) or Rule 60(b)(6).

*Fourth,* to the extent the Motion seeks relief based on the "excusable neglect" provision in Fed. R. Civ. P. 60(b)(1), any alleged neglect by Defendant's attorney, Mr. Bennett, is attributable to the Defendant, for purposes of determining whether such neglect or mistake was excusable. And the Motion alleges *no facts,* and argues *no reason,* that could support a finding that *attorney Bennett's* alleged neglect is excusable. Indeed, there is no explanation whatsoever offered or alleged in the Motion as to why Defendant's chosen attorney Bennett did not timely file an answer to the Plaintiff Trustee's first or second amended complaints. As this Court has stated in other cases, most recently in the case of *In re Schulze,* Case No. 13-55466, in denying a Debtor's Rule 60(b) motion,

> [T]o the extent the Motion seeks relief based on the "excusable neglect" provision in Fed. R. Civ. P. 60(b)(1), any alleged neglect by Debtor's counsel, . . . is attributable to the Debtor, for purposes of determining whether such neglect or mistake was excusable. *See, e.g., Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 396–97, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)(in determining whether "excusable neglect" is shown, "the proper focus is upon whether the neglect of [the movants] *and their counsel* was excusable")(italics in original). In the *Pioneer Investment* case, the Supreme Court reasoned:
>
> > "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative liti-

gation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' " . . .

> This principle applies with equal force here and requires that respondents be held accountable for the acts and omissions of their chosen counsel.

507 U.S. at 397, 113 S.Ct. 1489 (quoting, in part, *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). *See also Hords v. Ocwen Loan Servicing, LLC,* 601 Fed. Appx. 440, 441 (6th Cir. 2015)(holding that "[t]o obtain relief [under Fed. R.Civ.P. 60(b)(1)] for [an attorney's] mistake, however, a litigant must show, among other things, that the error is excusable;" and that "a client is accountable for his attorney's 'acts and omissions.' ")(citing *Yeschick v. Mineta,* 675 F.3d 622, 628–29 (6th Cir. 2012).

*In re Schulze,* Case No. 13–55466 (Bankr., E.D. Mich., Opinion and Order, filed September 23, 2016) (Docket # 43) at 2-3 (footnotes omitted).

Defendant argues, in her brief filed in support of the Motion (Docket # 45 at pdf pp. 15-16), that the Court should employ a more liberal standard for finding excusable neglect in a situation where a party is "blameless" but that party's attorney is "blameworthy." For this proposition, Defendant cites only the Fourth Circuit case of *Heyman v. M.L. Marketing Co.,* 116 F.3d 91, 94 (4th Cir. 1997).

The Court must reject this argument, and respectfully decline to follow *Heyman* on this point. In this respect, *Heyman* is inconsistent with the Supreme Court's decision in *Pioneer Investment,* quoted above, and this Court must follow the Supreme Court case.

Moreover, *Heyman* is inconsistent with Sixth Circuit case law, which this Court

also is bound to follow. The Sixth Circuit holds that neglect by an innocent party's *attorney* must be excusable, in order to grant the party relief for "excusable neglect." For example, in *Hords v. Ocwen Loan Servicing, LLC*, 601 Fed.Appx. 440, 441 (6th Cir. 2015), cited above, a plaintiff's complaint was dismissed on the defendant's motion to dismiss, after the plaintiff's attorney failed to file a response to a motion to dismiss. The district court then denied the plaintiff's Rule 60(b)(1) motion. The Sixth Circuit affirmed that denial, finding "no abuse of discretion." The Sixth Circuit held that no Rule 60(b)(1) "excusable neglect" had been shown, *because the plaintiff "offer[ed] no basis to find that his attorney's failure to file a response [to the motion to dismiss] was excusable."* 601 Fed.Appx. at 441 (italics added). And the Sixth Circuit held that "[t]o obtain relief [under Fed. R. Civ. P. 60(b)(1)] for [an attorney's] mistake, ... a litigant must show, among other things, that the error is excusable;" and that "a client is accountable for his attorney's 'acts and omissions.'" *Id.* (citing *Yeschick v. Mineta*, 675 F.3d 622, 628–29 (6th Cir. 2012)).

The Motion clearly fails to show that the alleged neglect by Defendant's attorney, Mr. Bennett, is excusable. This alone precludes relief under Rule 60(b)(1).

*Fifth*, to the extent the Motion seeks relief based on Civil Rule 60(b)(6), it is without merit. Under that rule, relief is appropriate "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *In re Cassidy*, 273 B.R. 531, 537 (Bankr., N.D. Ohio 2002)(*citing Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)). "This is

because 'almost every conceivable ground for relief is covered' under the other subsections of Rule 60(b)." *Id.* (*citing Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

This case does not present such "exceptional or extraordinary circumstances." The circumstances here—a default judgment entered due to Defendant-counsel's failure to timely file an answer to the Plaintiff Trustee's second amended complaint—are addressed by Rule 60(b)(1), particularly the "excusable neglect" provision of Rule 60(b)(1), and Defendant has not made a showing of such "excusable neglect" under that rule.

For the reasons stated above,

IT IS ORDERED that the Motion (Docket #45) is denied.