12 F.3d 212
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re William Terry JAMISON, Jr.; Peggy Donnell Jamison, Debtors.
William Terry JAMISON, Jr.; Peggy Donnell Jamison,
Plaintiffs-Appellants,
v.
JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 93-5259.
 United States Court of Appeals, Sixth Circuit.
 Nov. 24, 1993.
 
 W.D.Tenn., No. 92-02539; McCalla, J.
 W.D.Tenn. [APPEAL AFTER REMAND FROM 989 F.2D 499].
 AFFIRMED.
 Before: ENNEDY, MILBURN and GUY, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from an order of the district court dismissing an appeal from the bankruptcy court on the grounds that the appeal was untimely and moot. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Both parties have waived oral argument.
 
 
 2
 On February 21, 1986, William and Peggy Jamison (debtors) filed for Chapter 11 bankruptcy with respect to farming operations located in Lake County, Obion County, and Dyer County, Tennessee, and Fulton County, Kentucky. This filing resulted in the confirmation of a plan of reorganization on October 29, 1987. However, the debtors defaulted on the revised payments under the reorganization plan, and a foreclosure sale of the collateral property was scheduled for February 23, 1991. Thereafter, on February 21, 1991, the debtors filed a second petition for bankruptcy under Chapter 11.
 
 
 3
 On March 1, 1991, John Hancock Mutual Life Insurance Company (John Hancock), a creditor and party in interest, moved to dismiss the bankruptcy petition or, in the alternative, for relief from the automatic stay. A hearing on the motion to dismiss was held on January 3, 1992. The bankruptcy court filed an order lifting the automatic stay and dismissing the debtors' case with prejudice as to John Hancock on January 21, 1992. The order was entered on the court's docket on February 20, 1992.
 
 
 4
 Thereafter, on April 6, 1992, the debtors filed a notice of appeal to the District Court for the Western District of Tennessee, challenging the dismissal of their bankruptcy petition and the lifting of the automatic stay provisions as to John Hancock. On August 12, 1992, John Hancock filed a motion to dismiss the appeal on the ground that the debtors failed to timely file their notice of appeal pursuant to Bankruptcy Rule 8002. On October 19, 1992, the district court filed an order dismissing the debtors' bankruptcy appeal. The order was entered on the district court's docket on October 20, 1992.
 
 
 5
 On October 29, 1992, the debtors filed a motion for rehearing and reconsideration, arguing that noncompliance with local and federal bankruptcy rules with respect to entry of the final bankruptcy order in the case denied them meaningful notice and the opportunity to appeal. The debtors contended that the time limitation established by Bankruptcy Rule 8002 was therefore never activated and that, accordingly, the time period within which to appeal could not have expired. On December 31, 1992, the district court denied the motion for rehearing on the basis of the untimely notice of appeal and mootness by foreclosure.
 
 
 6
 On appeal, the debtors raise the following issues:
 
 
 7
 1) Whether the district court's legal finding of "mootness by foreclosure" is inapplicable because of the doctrine of res judicata and collateral estoppel; and
 
 
 8
 2) Whether the district court's finding of untimely filing of the notice of appeal is supported by the facts and pertinent legal authorities.
 
 
 9
 Upon review, we conclude that the district court correctly dismissed the appeal from the bankruptcy court. A review of the record indicates that the notice of appeal was filed outside the prescribed appeal period. Notations on the order of the bankruptcy court indicate that the order was signed by Bankruptcy Judge Brown on January 17, 1992, filed with the court clerk on January 21, 1992, and entered on the court's docket on February 20, 1992. The notice of appeal was filed on April 6, 1992. The time for filing a notice of appeal runs from the date of entry of the order. See Fed.Bankr.R. 8002(a). No service of the order is necessary to start the running of the appeal period. See In re Ozark Restaurant Equip. Co., 761 F.2d 481, 482 n. 1 (8th Cir.1985). The April 6, 1992, notice of appeal was filed 35 days beyond the ten-day appeal period prescribed by Rule 8002(a), as calculated pursuant to Fed.Bankr.R. 9006(a).
 
 
 10
 The debtors' argument that they did not receive notice that the order of dismissal had been entered on the bankruptcy court's docket on February 20, 1992, is not well-taken. First, under Fed.Bankr.R. 9022(a), which incorporates Fed.R.Civ.P. 77(d), "lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed." Additionally, failure to notify a party of the entry of judgment does not modify this rule, as each party has an independent duty to monitor the progress of his case. Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411-12 (9th Cir.1986).
 
 
 11
 Similarly, the debtors' argument that noncompliance with Local Rule 16 denied them meaningful notice and the opportunity to appeal is also not well-taken. Although the bankruptcy court had failed to comply with Local Rule 16, the oversight does not excuse the untimely filing of the notice of appeal under the circumstances of this case. On March 21, 1992, the debtors' counsel received a courtesy copy of a letter from Judge Brown to District Court Judge James D. Todd stating that the Chapter 11 case had been dismissed and enclosing a copy of the order of dismissal. Thus, even if measured from this acknowledged date of notice, the debtors' notice of appeal was filed 6 days beyond the ten-day appeal period allowed by Bankr.R. 8002. This is true despite the debtors' claim that they never received a copy of the order at that time.
 
 
 12
 Finally, in their reply brief on appeal to this court, the debtors argue for the first time that even if the notice of appeal is deemed late, the "unique circumstance" remedy as set forth in Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215 (1962), should apply. Unless exceptional circumstances are present, this court normally will not address an issue not raised in the first instance in the district court. See Meade v. Pension Appeals & Review Comm., 966 F.2d 190, 194 (6th Cir.1992); Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987) (court declines to review new Equal Protection Clause argument not raised in district court in Sec. 2254 habeas corpus petition). No exceptional circumstances exist in the present case; therefore, the "unique circumstances" argument will not be addressed.
 
 
 13
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.