**William J. REINHART, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, Respondent.**

No. 01–3283.

United States Court of Appeals, Sixth Circuit.

July 10, 2002.

---

Before CLAY and GILMAN, Circuit Judges; HAYNES, District Judge.*

OPINION

PER CURIAM.

William J. Reinhart appeals from an order entered by the Secretary of the United States Department of Agriculture (USDA) that imposes civil penalties against him for violating the Horse Protection Act (HPA). After concluding that Reinhart violated the HPA by "soring" his Tennessee Walking Horse in order to enhance the horse's performance at an exhibition, the Secretary fined Reinhart $2,000 and barred him from participating in any horse exhibition for a period of five years. The Secretary subsequently denied Reinhart's petition for reconsideration of the decision. Reinhart now appeals, contending that the Secretary's decision is not supported by substantial evidence and that the HPA is un-

constitutional. For the reasons set forth below, we **DISMISS** this appeal as untimely filed.

A party has the right to judicial review of a final administrative order imposing civil penalties pursuant to the HPA. 15 U.S.C. § 1825(b)(2). To exercise this right, the party must file a notice of appeal in the United States Court of Appeals for the circuit in which he resides or has his place of business within 30 days from the date on which the final administrative order was issued. *Id.; United States Dep't of Agric. v. Kelly,* 38 F.3d 999, 1002 (8th Cir.1994) (holding that the time limit for appealing a HPA penalty begins on the date that the final order is issued and docketed).

In the present case, the Secretary issued a final order imposing penalties against Reinhart under the HPA on January 23, 2001, the date on which Reinhart's petition for reconsideration was denied. The 30–day period for filing a notice of appeal therefore began to run on that date. 7 C.F.R. § 1.146(b) (providing that "the time for judicial review shall begin to run upon the filing of such final action on the petition [for rehearing]"). Reinhart filed his notice of appeal with this court on March 23, 2001, nearly 60 days after the final order was issued. His notice of appeal was thus untimely.

The USDA, however, concedes that a clerical error on its part contributed to Reinhart's delay in filing his notice of appeal. Specifically, the USDA's Office of the Hearing Clerk mistakenly sent Reinhart a decision from a totally unrelated case rather than the order denying his petition for reconsideration. The record does not indicate when Reinhart received this decision, but the USDA acknowledges

---

* District Judge William J. Haynes, Jr., United States District Court for the Middle District of Tennessee, sitting by designation.

that Reinhart notified it of the mistake and that the decision from his case was then sent out to him on February 15, 2001. Reinhart did not receive this order until February 26, 2001, 34 days after the order was issued and 4 days after the time period for appealing that order had expired.

Despite the equities that might otherwise allow Reinhart to pursue his appeal, a statutory provision that sets the time limit for seeking review of an administrative order is "mandatory and jurisdictional" and "not subject to equitable tolling." *Stone v. I.N.S.*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (internal quotations omitted) (holding that the time period for appealing a deportation order is not tolled by the filing of a motion for reconsideration); Fed. R.App. P. 26(b)(2) (providing that a federal court of appeals "may not extend the time to file ... a notice of appeal from or a petition to ... otherwise review an order of an administrative agency ..."). Such a time limit must be enforced with "strict fidelity" to its terms. *Stone*, 514 U.S. at 405; *Kelly*, 38 F.3d at 1003 (recognizing that the time limit for seeking review of an order imposing penalties pursuant to the HPA "is a jurisdictional requirement that cannot be modified or waived ..."). An appeal filed beyond the applicable time limit must therefore be dismissed even "in the face of apparent injustice or an administrative agency's obvious misapplication or violation of substantive law." *Brown v. Dir., Office of Workers' Comp. Programs*, 864 F.2d 120, 124 (11th Cir.1989) (holding that the time period for filing an appeal of an administrative order under the Black Lung Benefits Act is not subject to equitable tolling).

The only exception that allows this court to enlarge the time limit for filing a notice of appeal is the "unique circumstances" doctrine, a doctrine which applies "where a party has performed an act which, if prop-erly done, would postpone the deadline for filing his appeal and has received specific assurances by a judicial officer that this act has been properly done." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 179, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989) (holding that the unique-circumstances doctrine did not apply where the party that had filed a late notice of appeal never claimed that a judicial officer made any representations regarding the tolling of the applicable time period). Because Reinhart never received any assurance from a judicial officer that the time limit for filing his notice of appeal had been tolled, the unique-circumstances doctrine does not apply to the present case.

Moreover, the mailing error on the part of the USDA does not completely excuse Reinhart's untimely notice of appeal, because

> [p]arties have an affirmative duty to monitor the dockets to inform themselves of the entry of orders they may wish to appeal.... Therefore, the failure of a court clerk to give notice of entry of an order is not a ground, by itself, to warrant finding an otherwise untimely appeal to be timely.

*In re Delaney*, 29 F.3d 516, 518 (9th Cir. 1994) (internal quotation marks and citation omitted); *Polylok Corp. v. Manning*, 793 F.2d 1318, 1320 (D.C.Cir.1986) (holding that the time period for filing an notice of appeal under Rule 4 of the Federal Rules of Appellate Procedure "may not be extended on account of the appellant's lack of notice") (citing Fed.R.Civ.P. 77(d)). Indeed, Reinhart received a decision in the unrelated case that was mailed to him in error well before the period for filing his notice of appeal had expired. His receipt of this decision gave him at least some indication that action might have been taken in his case. Nevertheless, Reinhart neither checked the docket nor called the

clerk to see if the Secretary had ruled on his petition for reconsideration.

We therefore must conclude that Reinhart's failure to file a timely notice of appeal prevents us from exercising jurisdiction to resolve this case on the merits. Reinhart maintains, however, that we should vacate the Secretary's order even if we decline to exercise jurisdiction, because the USDA's mailing error allegedly deprived him of due process. He also requests that we award him damages in excess of $100,000 based upon the alleged constitutional violation. But when this court is presented with an untimely notice of appeal, " 'the only function remaining to the court is that of announcing the fact and dismissing the cause.' " *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (recognizing that a court without jurisdiction lacks authority to issue any judicial decision) (quoting *Ex Parte McCardle,* 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)).

We are mindful that, in light of the USDA's mailing error, the dismissal of Reinhart's appeal as untimely appears to be a rather harsh result. Whether equitable considerations should be taken into account when determining the timeliness of a notice of appeal, however, is beyond our power to decide. Only the Supreme Court or Congress can alter the current rule that prohibits equitable tolling under the circumstances of this case.

Finally, if it is of any consolation to Reinhart, we would not have been inclined to set aside the Secretary's order even if we had jurisdiction to hear his appeal. The Secretary's finding that Reinhart violated the HPA appears to be supported by substantial evidence, particularly in light of the fact that this court has specifically held that a finding of soreness for the purposes of the HPA may be based solely upon the results of palpation. *Bobo v.*

*U.S. Dep't of Agric.,* 52 F.3d 1406, 1413 (6th Cir.1995). Reinhart also challenges the constitutionality of the HPA, but existing precedent would have left us hard-pressed to conclude that Congress exceeded the scope of its power under the Commerce Clause in enacting the HPA. In any event, the merits of his case are not properly before us in light of the untimely appeal.

Based on all of the above, we **DISMISS** this appeal for lack of jurisdiction.