NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0041n.06

No. 19-5484

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| KEITH E. HARNESS and KARI MARCUM HARNESS | ) | **FILED**<br>Jan 23, 2020<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JOHNATHAN P. TAFT and RAYMOND E. TOWNSEND | ) | COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

**BEFORE:**   **ROGERS, KETHLEDGE, and LARSEN, Circuit Judges.**

**ROGERS, Circuit Judge.**  This diversity tort suit was brought twice, and dismissed twice. The first time it was dismissed without prejudice because counsel failed to file a status report or comply with the civil rules governing service of process. The second time the district court dismissed the tort claim as time-barred under the Kentucky statute of limitations. The latter order also prohibited plaintiffs' attorney, John Mahin, from practicing law in the U.S. District Court for the Eastern District of Kentucky for two years, based on a state disciplinary order. Plaintiffs filed a "Motion to Reconsider," relying on several instances where Mr. Mahin failed to receive notices from the district court, and arguing that the underlying state disciplinary order had been stayed. The district court denied the reconsideration motion, and plaintiffs appeal. Although it is unfortunate that plaintiffs' counsel did not receive some of the district court's notices, and that the

district court never addressed plaintiffs' counsel's argument regarding a stay of the state discipline, plaintiffs are entitled to no relief on this appeal. First, plaintiffs never appealed from the dismissal of the first complaint, nor timely sought relief under Rule 60(b) for relief from that order. Second, the re-filed complaint was clearly time-barred under Kentucky law. Third, the notice of appeal does not give us jurisdiction to review the district court's attorney practice order.

Plaintiffs originally filed their complaint on March 10, 2017, seeking damages for harm suffered as a result of a traffic accident that occurred on March 11, 2015. On August 7, 2017, the district court ordered plaintiffs to show cause why the case should not be dismissed for failure to timely serve the defendants and ordered plaintiffs to file a status report regarding service of process by August 28, 2017. Plaintiffs' counsel, in 2019, filed an affidavit saying he never received that order. After plaintiffs failed to file anything by the August 28, 2017, deadline, the court dismissed plaintiffs' complaint without prejudice on September 7, 2017, for failure to comply with the court's order to file a status report and failure to timely serve defendants pursuant to Federal Rule of Civil Procedure 4(m). Plaintiffs received notice of that order, but did not file a notice of appeal from that order.

Nearly one year later, on September 6, 2018, plaintiffs re-filed their complaint. The signature block contained attorney Mr. Mahin's new address. On September 11, the court ordered plaintiffs to show cause within twenty days why the matter should not be dismissed as untimely under the statute of limitations governing personal injury claims under Kentucky law. This order was mailed to Mr. Mahin's old address and returned to the court with a yellow post office sticker showing Mr. Mahin's new address. On September 19, the court ordered plaintiffs to show cause by October 1, 2018, for failure to comply with the local rules requiring counsel to apply for admission *pro hac vice*. The court also took judicial notice in the September 19 order that

plaintiffs' counsel, Mr. Mahin, had been suspended in Ohio for professional misconduct. The September 19 order was also mailed to Mr. Mahin's previous address, and returned to the court with a yellow sticker showing Mr. Mahin's new address. After plaintiffs again failed to comply with the court's order, the court on October 3, 2018, set a show cause hearing for October 12, 2018. The court ordered Mr. Mahin to show cause "(1) why he should not forfeit his right to practice law before this Court for his suspension in Ohio; (2) why the Court should not dismiss this case with prejudice for his persistent failure to comply with the Court's Orders; and (3) why he should not be referred to the Ohio Office of Disciplinary Counsel for further review and for consideration of disciplinary action." Once again this was mailed to Mr. Mahin's old address and returned with a yellow sticker reflecting his new address. When plaintiffs failed to appear at this hearing, the district court, on October 12, 2018, again dismissed the complaint. While noting that Mr. Mahin was not present for the hearing and that Mr. Mahin had failed to show cause why the case should not be dismissed, the court ordered that the re-filed complaint "is dismissed as Plaintiffs have not demonstrated that their complaint was filed within the applicable statute of limitations." Also, the court ordered that Mr. Mahin be prohibited from practicing in the United States District Court for the Eastern District of Kentucky for two years pursuant to Local Rule 83.3(b)(2) because the court determined that Mr. Mahin had been suspended from practicing law in Ohio for two years, during which time he filed the original complaint in this case. Notice of the court's October 12 order was also mailed to Mr. Mahin's old address and returned with a sticker reflecting his new address, but plaintiffs admit that they eventually received notice of the order. No appeal was filed from the order.

Five months later, on March 15, 2019, plaintiffs submitted a motion for reconsideration of the court's decision to dismiss the case, contending that counsel never received the court's orders

of August 7, 2017, and October 3, 2018.[1]  The court denied this motion on April 5, 2019.  The court determined that Mr. Mahin did not alert the court to his change in address, failed to become admitted *pro hac vice* in a timely manner so that he could have received orders electronically, and did not make any effort to follow up with the court regarding the status of plaintiffs' case.  Further, the court was not persuaded that even had Mr. Mahin properly updated the court with his change of address, as Mr. Mahin alleged, that the final resolution of the case would be any different because the second complaint was "almost certainly time-barred because it was filed more than two years after Plaintiffs' alleged injuries occurred."

Plaintiffs have appealed the district court's denial of the motion for reconsideration. Plaintiffs assert that the district court abused its discretion in denying their motion to reconsider the dismissal of their complaints.  Plaintiffs contend that the first complaint should not have been dismissed because counsel never received the court's August 7, 2017, order, so he was unaware the court was seeking information from him regarding service of process.  Plaintiffs also contend that the second complaint should not have been dismissed because counsel never received the court's October 3, 2018, order: it was mailed to counsel's prior address instead of the new address listed on the second complaint, so he was again unaware of the court's order to appear and show cause.  Further, plaintiffs argue that the district court erred in denying their motion to reconsider counsel's suspension from practicing in the Eastern District of Kentucky because the second year of counsel's two-year suspension from practicing law in Ohio had been stayed and counsel had been reinstated on November 14, 2016—before the first suit in this case was filed.  Plaintiffs assert that the court's application of the provision in the local rules permitting reciprocal discipline was therefore incorrect.

---

[1] Plaintiffs mistakenly refer to the court's August 7, 2017, order as having been issued on September 17, 2017, in their motion for reconsideration, but cite the correct document number.

First, we need not address who is at fault in not getting the various court notices to Mr. Mahin. Regardless of whether counsel received the orders in the mail, he was obligated to monitor the court's docket. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012); *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 370–71 (6th Cir. 2007). Parties have an independent obligation to monitor all developments in an ongoing case and cannot rely on the clerk's office to fulfill this responsibility for them. Counsel has an "affirmative duty to monitor the dockets to keep apprised of the entry of orders." *Yeschick*, 675 F.3d at 629–31.

In any event, plaintiffs failed to seek timely relief from the first dismissal order, and the second dismissal order is independently supported by the statute of limitations.

Plaintiffs never filed anything after the first dismissal until more than eleven months afterward. Mr. Mahin agrees that he received notice of the first dismissal order, and even if he had not, the rules of appellate procedure provide that even when a party does not receive notice of a judgment, a motion to reopen the time for appeal cannot extend beyond 180 days after the judgment. Fed. R. App. P. 4(a)(6)(B). The only way to challenge the first dismissal, then, is through a motion under Federal Rule of Civil Procedure 60(b). Plaintiffs now characterize the March 15, 2019, "Motion to Reconsider" in part as a Rule 60(b) motion to obtain relief from the September 7, 2017, dismissal. The motion did not cite Rule 60 or indicate which subsection of Rule 60(b) supported reconsideration.[2] Rule 60(b)(1) permits relief for "mistake, inadvertence, surprise, or excusable neglect," but reliance on that provision is clearly time-barred because a Rule 60(b)(1) motion must be made no more than one year after the entry of the judgment or order. Fed.

---

[2] The motion at the outset asks the court to reconsider the September 7, 2017, order, but aside from stating that counsel never received the preceding court order of August 7, 2017 (which plaintiffs mistakenly refer to as the September 17, 2017, order), nothing in the motion supports relief from the September 7, 2017, dismissal. The remainder of the motion deals with later developments stated to support the motion's request for reconsideration of the court's later order of October 3, 2018. In a concluding sentence, plaintiffs "respectfully requested that Plaintiff's cause of action not be dismissed due to strictly clerical error."

R. Civ. P. 60(c)(1). Here, the motion for reconsideration was filed on March 15, 2019, over 15 months later than the September 2017 order. On appeal, plaintiffs rely on Rule 60(b)(6), which provides for relief for "any other reason." But Rule 60(b)(6) is applicable "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule," *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 383 (6th Cir. 1991) (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)), and plaintiffs provide no legal support for the applicability of that residual provision to a case like this one.

Treating the motion for reconsideration as a request for Rule 60(b) relief from the second dismissal also does not help plaintiffs, most clearly for a different reason. Although plaintiffs' counsel seeks to excuse his nonappearance at the show-cause hearing, the tort claim by the operative terms of the order was dismissed not for that procedural reason but because the complaint was filed too late under the two-year Kentucky statute of limitations. In denying the motion of reconsideration, the district court relied in the alternative on this time bar. Plaintiffs' brief on appeal does not make any argument that the re-filed complaint was not time-barred. Rule 60(b) relief was accordingly properly denied with respect to the claim dismissal for that reason alone, and there is, accordingly, no need to address the district court's rejection of counsel's reasons for not showing up at the hearing.

Second, we lack jurisdiction to consider plaintiffs' claim that the district court erred in sanctioning their attorney. Plaintiffs do not have an interest implicated by the sanction issued against their counsel. Plaintiffs' counsel, Mr. Mahin, is the party aggrieved by the sanction. However, Mr. Mahin did not pursue this appeal on his own behalf. Federal Rule of Appellate Procedure 3(c) requires that the notice of appeal "specify the party or parties taking the appeal by naming each one in the caption or body of the notice." Strict adherence to this rule has been

liberalized by the addition of a provision declaring that an appeal "must not be dismissed . . . for failure to name a party whose intent to appeal is otherwise clear from the notice [of appeal]." Fed. R. App. P. 3(c)(4). However, the notice of appeal in this case does not indicate that Mr. Mahin intended to appeal the sanction against him. Instead, the notice of appeal stated solely that Keith Harness, one of the plaintiffs, intended to appeal the district court's order entered on April 5, 2019, referred to as "Order Dismissing the Plaintiff's Case." The district court's April 5, 2019, order focused entirely on the court's two previous dismissals of the complaints and ultimately denied plaintiffs' motion to reconsider dismissal. Mr. Mahin now contends in appellants' brief that the motion for reconsideration also challenged the sanction against him, but that the April 5 order denying the motion ignored this argument. The motion for reconsideration does discuss why Mr. Mahin believes the sanction was improper, but it is not entirely clear that the motion was challenging anything other than the district court's dismissal of the complaints. More importantly, the notice of appeal never states that the appeal intends to challenge the district court's sanction against Mr. Mahin. Accordingly, although we have jurisdiction over an appeal from a sanctioned attorney when the attorney clearly demonstrates his intent to appeal the sanction in the notice of appeal, this is not the case here. *See Maerki v. Wilson*, 128 F.3d 1005, 1006–08 (6th Cir. 1997). Thus, we do not have jurisdiction to hear Mr. Mahin's appeal from the district court's sanction against him. Plaintiffs' appeal from the sanction order is therefore dismissed. This decision is without prejudice to any relief Mr. Mahin may properly seek from any ongoing restriction of his practice in the Eastern District of Kentucky.

For the reasons stated above, we affirm the judgment of the district court denying plaintiffs' motion to reconsider the dismissal of their complaints and dismiss plaintiffs' appeal of the district court's sanction against their counsel.