NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1859
_____

UNITED STATES OF AMERICA

v.

RONALD SALAHUDDIN,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-10-cr-00104-001)
District Judge: Honorable Freda L. Wolfson
_____

Submitted under Third Circuit L.A.R. 34.1(a)
March 6, 2020

Before: SMITH, *Chief Judge*, HARDIMAN, and KRAUSE, *Circuit Judges*.

(Opinion Filed:  March 10, 2020)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

This appeal involves the denial of Ronald Salahuddin's petition for a writ of error coram nobis. The District Court denied the petition on October 29, 2018. Salahuddin filed his notice of appeal on January 31, 2019, 34 days late. *See* Fed. R. App. P. 4(a)(1)(B), (C). Salahuddin moved to reopen the time to appeal, but the District Court denied his motion. This timely appeal followed.

I[1]

In 2011, a jury convicted Salahuddin of conspiring to violate the Hobbs Act, and the court sentenced him to a year and a day in prison. In 2018, Salahuddin moved to vacate his conviction pursuant to a writ of error coram nobis under 29 U.S.C. § 1651(a). On October 29, 2018, the District Court denied Salahuddin's petition.

Salahuddin filed his notice of appeal on January 31, 2019, 34 days after the jurisdictional 60-day filing deadline. *See* Fed. R. App. P. 4(a)(1)(B), (C); *Bowles v. Russell*, 551 U.S. 205, 209–10 (2007). Recognizing this fact, Salahuddin asked the District Court to reopen the filing period and enlarge it until January 31, 2019. His counsel, Audwin Levasseur, certified that the notice of appeal was untimely because his

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1651. We have jurisdiction over the denial of the motion to reopen the time to appeal under 28 U.S.C. § 1291. We review the District Court's denial of a motion to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6) for abuse of discretion. *See United States v. Rinaldi*, 447 F.3d 192, 195 (3d Cir. 2006). A district court abuses its discretion if its decision was based on a clearly erroneous factual conclusion or an erroneous legal conclusion. *See United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008) (internal citations omitted).

"computer system malfunctioned and failed to issue an alert . . . that a dispositive order had been filed." App. 232.

Then Levasseur's story changed. In a second certification, he claimed his administrative assistant had mistakenly filed the petition for writ of error coram nobis under the ECF-login credentials of another attorney with whom he shares an office and administrative staff. As a result, he said he never received notice of the District Court's October 29 order. Levasseur did not explain his failure to check the docket for over three months.

The inconsistency between Levasseur's first and second certifications was not lost on the District Court. Probing the issue further, the Court noted that Levasseur listed himself on the docket to get notices of filings on January 31, the very same day he certified that a computer system malfunction caused him not to receive notice of the Court's October 29 order. It reasoned Levasseur must have known his first certification was false when he submitted it.

The District Court concluded Levasseur's certifications were inconsistent, misleading, and calculated "to effectively delude" the Court with his fabricated story. App. 409. The District Court found Salahuddin was given notice of the order denying his petition and that his delay in appealing arose from an "inexcusable" lack of diligence. App. 410. So it denied the motion to reopen the time to appeal.

3

## II

A district court *may* reopen the time to file an appeal if three conditions are satisfied: (1) "the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d)"; (2) "the motion is filed within 180 days after" the order is entered "or within 14 days after the moving party receives notice", whichever is earlier; and (3) "the court finds that no party would be prejudiced." Fed. R. App. P. 4(a)(6); *see Baker v. United States*, 670 F.3d 448, 454 (3d Cir. 2012). A party seeking to have the court reopen the time to appeal carries the burden to satisfy each condition. *See McDaniel v. Moore*, 292 F.3d 1304, 1307 (11th Cir. 2002); *Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir. 1995).

This rule is a "mechanism for granting an extension of time when a party would be unfairly deprived of an appeal because of the failure of a court clerk." *Marcangelo v. Boardwalk Regency*, 47 F.3d 88, 90 (3d Cir. 1995). Because the rule exists to help a wronged litigant, a litigant cannot cause the lack of notice and then benefit from it. *See In re WorldCom, Inc.*, 708 F.3d 327, 338, 340 (2d Cir. 2013).

Here, the District Court exercised its discretion to not reopen the time to file. In addition to finding that Levasseur lacked credibility, the Court found that he displayed an "inexcusable" lack of diligence. App. 410. "[T]he unreasonableness of [Levasseur's] conduct here is evident in that ultimately, he learned about the district court's . . . Order in precisely this way: His paralegal checked the online docket and discovered the order." *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 371 (6th Cir. 2007).

Nothing in our review of the record convinces us that the Court abused its discretion. Because Levasseur caused the lack of notice, the Court properly refused to reopen the time to file. *See WorldCom*, 708 F.3d at 340. So we will affirm the District Court's order.