816 F.2d 683
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry WATSY, Plaintiff-Appellant,
Elvis Wallace, Plaintiff,
v.
James RICHARDS, Ray Wickstrom, William Fleury, James
Schmelizer, Bill Jarvis, Jerry Sherman, John
Hawley and T.H. Koehler, Defendants-Appellees.
 No. 86-1856.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1987.
 
 Before MARTIN, JONES and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This pro se appellant appeals from an order of the district court which dismissed his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. He has also moved for the appointment of counsel and the case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's informal brief, this panel agrees that oral argument is not needed.
 
 
 2
 Appellant, who was formerly an inmate at the Marquette Branch Prison in Michigan, filed an action pursuant to 42 U.S.C. Sec. 1983. As the basis of his claim, he alleged that during his incarceration at that institution, appellees had interfered with his due process rights in consequence of their having placed him in administrative segregation. Appellees thereafter sought the dismissal of the action by means of a motion for summary judgment, to which appellant filed no response, even though he had been granted a 60-day extension of time to do so by the district court. In addition to that failure, appellant also neglected to provide the district court with necessary information regarding his current address. Consequently, on August 15, 1986, the district court entered an order dismissing the action for want of prosecution pursuant to Rule 41(b), Federal Rules of Civil Procedure. Appellant thereafter filed this appeal.
 
 
 3
 The standard governing this Court's review of the district court's dismissal of an action due to a failure to prosecute is that of abuse of discretion. Link v. Wabash Railroad Co., 370 U.S. 626 (1962). In applying that standard, however, this Court has indicated its reluctance to resort to such an extreme sanction which can be justified only when there is a clear record of delay or contumacious conduct on the part of the plaintiff. Patterson v. Township of Grand Blanc, 760 F.2d 686, 689 (6th Cir. 1985) (per curiam); Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980) (per curiam). Such is the case in the present appeal as the record clearly discloses that appellant failed to provide the district court with information regarding his current address necessary to enable communication with him. Moreover, appellant did not file a response, timely or otherwise, to appellees' motion for summary judgment, even though the district court had accorded him a 60-day extension of time in which to do so. Under such circumstances, the district court did not abuse its discretion in determining that appellant was guilty of delay and dismissing his action for want of prosecution pursuant to Rule 41(b), Federal Rules of Civil Procedure.
 
 
 4
 Accordingly, the motion for appointment of counsel is hereby denied and the final order of the district court entered August 15, 1986, is affirmed. Rule 9(b), Rules of the Sixth Circuit.