**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 13, 2008[*]
Decided November 14, 2008

**Before**

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-4044

| | |
|---|---|
| JEROME J. CASIMIR and BETTY J. DUMAS, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiffs-Appellants,* | |
| *v.* | No. 06 C 1211 |
| SUNRISE FINANCIAL, INC. and EDWARD LITKE, | Charles R. Norgle, *Judge.* |
| *Defendants-Appellees.* | |

**O R D E R**

Jerome Casimir and his wife Betty Dumas appeal the denial of their motion to set aside an adverse judgment under Federal Rule of Civil Procedure 60(b). We affirm.

Casimir and Dumas sued Sunrise Financial, Inc., a mortgage broker, and Edward Litke, its President and Chief Executive Officer, for discriminating against them because of

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

their race in violation of the Fair Housing Act, 42 U.S.C. § 3605, the Equal Credit Opportunity Act, 15 U.S.C. § 1691, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2.  Sunrise moved for summary judgment.  When, seven months and three extensions later, Casimir and Dumas still had not filed a responsive memorandum of law, the district court granted summary judgment for Sunrise.

Thirty-five days later, Casimir and Dumas filed a Rule 60(b) motion for relief from the judgment.  In their motion Casimir and Dumas stated that they had not received notice of the judgment from the court; they were unable to file their memorandum of law because they had a fire in their home and documents were destroyed; they had never received notice on the status of their motion for an extension of time to file the memorandum; Dumas was ill and unable to file the response; and finally, that they did not receive their mail because of corruption and fraud.

The district court denied the motion, stating that none of the plaintiffs' assertions met the standard for Rule 60(b) relief.  The court noted that Casimir and Dumas's allegation of a house fire was not supported by affidavit or declaration, and that even pro se litigants must meet deadlines.  It further observed that every court order was available to Casimir and Dumas on the court's online docketing system.  Casimir and Dumas appealed both the court's granting of summary judgment and its denial of their Rule 60(b) motion.  However, because the notice of appeal was filed too late to encompass the underlying summary judgment, we informed the parties that our review would be limited to the order denying their Rule 60(b) motion for relief from judgment.  *See Casimir v. Sunrise Mortgage Inc.*, No. 07-4044 (7th Cir. Jan. 28, 2008) (interim order).

On appeal, Casimir and Dumas contend that the district court should have granted their motion for relief on the ground of excusable neglect because a house fire destroyed their documents, and they did not receive their mail from the court clerk informing them of the court's entry of summary judgment until twenty-one days after it was entered.  Had they been able to file a responsive memorandum of law, they argue, they would have established a genuine issue of material fact to survive summary judgment.

Rule 60(b) provides a district court with discretion to relieve a party from a final judgment, order, or proceeding for a number of reasons, including as relevant here, "mistake, inadvertence, surprise, or excusable neglect."  *See* Fed. R. Civ. P. 60(b)(1).  Relief from judgment under Rule 60(b) is an extraordinary remedy, granted only in exceptional circumstances.  *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).  We review a court's denial of a Rule 60(b) motion for abuse of discretion and will find abuse only if no reasonable person could agree with the court's ruling.  *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 473 (7th Cir. 2008).

The district court here did not abuse its discretion in denying the motion.  As the court explained, Casimir and Dumas did not support their statement about a house fire with any affidavit or declaration, let alone with any other details such as the date of the fire or the extent of damage it caused.  *See United States v. Reyes*, 307 F.3d 451, 546 (6th Cir. 2002) (excusable neglect unsubstantiated where allegation of mother's illness lacked details regarding nature and duration of her care); *Buck v. U.S. Dept. of Agric., Farmers Home Admin.*, 960 F.2d 603, 608 (6th Cir. 1992) (excusable neglect unsubstantiated where allegation of counsel's sudden illness not supported by details or affidavits).  Nor was the court wrong to decline to excuse Casimir and Dumas from their deadline because they were not receiving their mail.  As the court observed, every court order is available on the Northern District of Illinois's online electronic docketing system.  More significantly, all litigants, including pro se litigants, are responsible for maintaining communication with the court and monitoring the status of their lawsuit as necessary.  *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005); *Easley v. Kirmsee*, 382 F.3d 693, 697-98 (7th Cir. 2004); *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  And as we have held, even when the litigant is pro se, district courts are justified in enforcing deadlines, particularly in the context of summary judgment and Local Rule 56.1.  *See Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 607 (7th Cir. 2006); *Spears v. City of Indianapolis*, 74 F.3d 153, 156-57 (7th Cir. 1996).

Accordingly, the judgment of the district court is AFFIRMED.