RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 12a0096p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

GARY D. YESCHICK,

         *Plaintiff-Appellant,*

    *v.*

NORMAN Y. MINETA, Secretary of
Transportation,

         *Defendant-Appellee.*

No. 10-4151

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:03-CV-2510—Lesley Brooks Wells, District Judge.

Decided and Filed: April 6, 2012

Before: SUHRHEINRICH, GIBBONS, and McKEAGUE, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Gino Pulito, PULITO & ASSOCIATES, Elyria, Ohio, for Appellant. Renee A. Bacchus, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

_____

**OPINION**

_____

JULIA SMITH GIBBONS, Circuit Judge. Plaintiff-appellant Gary Yeschick appeals the denial of his motion for relief from judgment brought pursuant to Federal Rule of Civil Procedure 60(b). Yeschick sought relief from the district court's grant of summary judgment in favor of defendant-appellee Norman Mineta, the former Secretary of the United States Department of Transportation ("Secretary").[1] Yeschick brought an

-------

[1] Mineta was sued in his official capacity. The current Secretary of Transportation, Ray LaHood, is automatically substituted pursuant to Federal Rule of Appellate Procedure 43(c)(2).

1

age discrimination claim against the Secretary, who oversees operations of the Federal Aviation Administration ("FAA"), alleging that the FAA violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, when it failed to rehire Yeschick as an air traffic controller. Yeschick failed to respond to both the district court's motions deadline and the Secretary's motion for summary judgment. After the district court granted summary judgment in favor of the Secretary, Yeschick filed his Rule 60(b) motion. Yeschick explained that his failure to respond to the summary judgment motion was caused by his attorney's failure to receive electronic notices of case filings due to a change of his email address, and requested relief on the grounds of excusable neglect. The district court denied the motion, citing an affirmative duty to monitor the docket and maintain a current e-mail address, as well as the prejudice the Secretary would suffer were the motion to be granted. For the following reasons, we affirm.

## I.

Yeschick worked as an air traffic controller for the FAA from 1974 until 1981. In 1981, President Reagan imposed an indefinite bar on the FAA's employment of members of the Professional Air Traffic Controllers Organization ("PATCO") who were engaging in an unauthorized strike. Yeschick joined the strike and was terminated from his position with the FAA pursuant to Reagan's order. On August 12, 1993, President Clinton issued an Executive Order that lifted the bar on employment, restoring FAA employment eligibility to PATCO members who had gone on strike.

On October 7, 1993, Yeschick applied for reemployment with the FAA as an air traffic control specialist. Shortly after applying for reemployment in 1993, Yeschick moved from Stanford Avenue in Elyria, Ohio, to Denison Avenue in Elyria, Ohio, where he lived for approximately three years before moving to his current residence in Grafton, Ohio. Yeschick did not inform the FAA that the address used on his reemployment application had changed. After reviewing Yeschick's application, the FAA sent him a copy of a Notice of Receipt of Application that included an instruction that the applicant should inform the FAA of any changes to his or her application information. A 1995

letter sent to Yeschick regarding the employment opportunities for PATCO applicants was returned to the FAA by the United States Postal Service with a notice that the forwarding order had expired. In 2000, the FAA reviewed its list of PATCO applications and eliminated from the list of eligible applicants those for whom no current contact information was available. Yeschick's application was identified as "inactive" during this process and, as a result, Yeschick's name was not included in referral lists issued for the Cleveland Air Route Traffic Control Center ("ARTCC"), which Yeschick listed as his primary choice for assignment. Yeschick was not rehired by the FAA. He reported that he did not gain any further aviation experience between 1982 and 2000 and did not keep up with any changes in FAA operations following his termination.

In October 2002, Yeschick filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that he had been discriminated against based on his age when the FAA failed to rehire him from the PATCO register. The EEOC dismissed his complaint for untimeliness pursuant to 29 C.F.R. § 1614.107(a)(2),[2] because although Yeschick applied to be rehired in 1993, he did not undertake any follow-up action on his application until October 3, 2002, when he contacted the EEOC. On appeal, the EEOC affirmed the dismissal, finding that Yeschick did not act with the required diligence and that his delay was not justified.

Within ninety days of the adverse EEOC decision, on December 9, 2003, Yeschick filed a complaint in the United States District Court for the Northern District of Ohio alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") by the FAA.[3] Yeschick alleged that he met all of the

---

[2]29 C.F.R. § 1614.107(a)(2) provides that the EEOC shall dismiss a complaint "[t]hat fails to comply with the applicable time limits contained in §§ 1614.105, 1614.106 and 1614.204(c), unless the agency extends the time limits in accordance with § 1614.604(c), or that raises a matter that has not been brought to the attention of a Counselor and is not like or related to a matter that has been brought to the attention of a Counselor." The time limitation pertinent to Yeschick's case is set forth in 29 C.F.R. § 1614.105, which provides that prior to filing a complaint with the EEOC, an aggrieved person must contact an EEO counselor in order to facilitate a potential informal resolution of the matter. The contact with the EEO counselor is to be initiated within forty-five days of the alleged discrimination or personnel action. *See* 29 C.F.R. § 1614.105(a).

[3]Because Mineta was sued in his official capacity, and Yeschick alleges that the FAA failed to rehire him in violation of the ADEA, the FAA is referred to as the defendant in this action.

requirements for employment as an air traffic control specialist but was not employed because of his age—he was forty-two at the time of his application—despite the fact that the FAA had open positions for controllers and open notices seeking applications for such positions. In addition, Yeschick alleged that the FAA hired persons with equivalent or lesser qualifications as air traffic control specialists, and that the FAA followed a practice of refusing to hire persons over forty years of age for air traffic controller positions.

On April 28, 2005, the FAA filed a motion to dismiss and, in the alternative, for summary judgment, arguing that Yeschick lacked standing to sue, failed to exhaust his administrative remedies, and could not prove a *prima facie* case of age discrimination. The district court granted summary judgment for the FAA on the grounds that Yeschick failed to timely exhaust his administrative remedies under 29 C.F.R. § 1614.105(a) because his forty-five day period to initiate contact with an EEO counselor would have run, at the latest, from the date his application was deemed inactive in 2000, but Yeschick did not contact a counselor until 2002. The district court also considered the merits of Yeschick's ADEA claim and found that the FAA would be entitled to judgment as a matter of law *even if* Yeschick had timely contacted an EEO counselor because a failure-to-hire claimant must "demonstrate that his desire for employment was made known to the employer." The district court found instructive *Williams v. Hevi-Duty Electric Co.*, 819 F.2d 620, 627–30 (6th Cir. 1987), where this court held that a company's policy of only considering employment applications tendered within the prior twelve months was not a "device to discriminate." Because Yeschick "failed to proffer evidence that he had a valid, active application for employment filed with the FAA at the time the [FAA] is alleged to have discriminated against him," the district court concluded that he was unable to sustain his burden of establishing a *prima facie* case of age discrimination.

Yeschick appealed the grant of summary judgment to this court, which found that "viewing the facts in the light most favorable to Yeschick, . . . there is a genuine issue of material fact as to whether he was an 'active' applicant after 2000." *Yeschick v.*

*Mineta*, 521 F.3d 498, 506 (6th Cir. 2008). As a result, we found that Yeschick could, at a minimum, challenge the FAA's failure to hire him for one of the positions obtained by a younger applicant in the forty-five days preceding his initiation of the administrative complaint. *Id.* We then reversed the grant of summary judgment and remanded the case to the district court. *Id.*

Proceedings before the district court resumed, and the FAA served its first set of discovery requests on Yeschick on April 29, 2009. After Yeschick failed to respond to repeated requests for his discovery responses, the FAA filed a motion to compel on August 10, 2009. After receiving no discovery responses, the FAA filed a motion for sanctions on September 30, 2009, requesting the district court dismiss with prejudice Yeschick's complaint under Federal Rules of Civil Procedure 37(d)(3), 37(b)(2)(A), and 41(b) for failure to prosecute. Also on September 30, 2009, the FAA filed a motion for summary judgment arguing that (1) Yeschick could not show that his age was the "but-for" cause of the decision to classify his application as inactive because the FAA had a valid, non-age based reason for its decision to change the status of his application, (2) it had legitimate, non-discriminatory reasons for preferring other applicants, and (3) the equitable tolling and continuing violation doctrines were inapplicable to Yeschick's claim. Yeschick did not respond to the motion for summary judgment. Due to Yeschick's failure to respond, the district court relied upon the facts advanced by the FAA and found that the FAA had presented "evidence that other hired individuals were older than Mr. Yeschick, that individuals hired through the Veteran's Readjustment Act ("VRA") and Mid America Resource Consortium ("MARC") programs were not similarly situated, and that the Manager of the FAA's Oberlin facility, Richard Kettle, possessed legitimate non-discriminatory preference for the VRA and MARC graduates." Accordingly, the district court held that Yeschick failed to establish that age was the "but-for" cause of the adverse employment action and granted the FAA's motion for summary judgment on January 14, 2010.

On January 23, 2010, Yeschick filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) and a motion for leave to respond to the

FAA's motion for summary judgment on the grounds that his counsel failed to receive notice of the filing of the motion until the district court's judgment was docketed on January 15, 2010. Yeschick argued that his failure to respond to the motion for summary judgment was due to excusable neglect related to his counsel's failure to receive notice of case filings.

In the motion, Yeschick's counsel, Gino Pulito, claimed that he did not receive notice of filings in Yeschick's case because his email address was terminated and "ceased notification of e-mails . . . and had bounced all e-mails delivered after May 15, 2009." Pulito's original email address on file with the Clerk of Court was an "alltel.net" email address. In 2009, all alltel.net email addresses became "windstream.net" addresses. After May 15, 2009, all alltel.net email addresses stopped working. Pulito alleged that he had no notice that the emails sent by the court clerk to his alltel.net email address after May 15, 2009 were "bounced' until he was notified by a client in an unrelated case, *Big Sky Drilling, Inc., et al. v. Center Capital Corporation*, that the opposing party had filed a position paper.[4] Pulito then notified the Clerk of Court of his correct email address and successfully received email notices after October 30, 2009.

In the Rule 60(b) motion, Pulito also asserted that he "had no notice from the Clerk of Court of the failure of delivery of any e-mails to the 'ginopulito@alltel.net' address until December 28, 2009." As a result, the first notice of any filing regarding Yeschick's case was received by Pulito on December 31, 2009, when a motion to withdraw was filed by opposing counsel due to his impending retirement, and the first notice received regarding the filing of the motion for summary judgment was the Memorandum Opinion and Judgment filed by the district court on January 15, 2010. Pulito also explained that his office staff did not inform the Clerk of Court of the email change in May, nor did they check for any filings in pending cases.

---

[4]Pulito asserted that "[a]s of the preparation of [the motion], the only notification of failed delivery that has been received from the Clerk of Court is a notification in the Center Capital case."

In response to the motion for relief from judgment, the FAA argued that the failure to check the docket and keep apprised of the case's status for a six month period of time did not constitute excusable neglect sufficient to warrant relief from judgment.

On July 12, 2010, the district court denied Yeschick's motion for relief from judgment. The district court observed that "Courts in this Circuit have reiterated the affirmative duty of monitoring a case's docket, and denying excusable neglect where, as here, it is evident that the lack of notice is the result of counsel's own inaction in failing to monitor the docket or review counsel's current address" and found that "Yeschick's counsel has not demonstrated that he has established the excusable neglect necessary to warrant relief from this Court's judgment on the merits." The district court further noted that "Yeschick's counsel was on notice in early July that the Defendant was poised to file a motion to compel because [Yeschick] had not responded to any of the Defendant's interrogatory requests." Given that Pulito also knew that discovery was to close on September 15, 2009, and that dispositive motions were due on October 15, 2009, the district court found that it was "not reasonable for . . . counsel to assume there were no filings in this case during that specific six-month period." The district court also found that the FAA would be prejudiced if Yeschick's motion were granted. Yeschick timely appealed from the denial of his Rule 60(b) motion.

## II.

This court reviews a district court's denial of a Rule 60(b) motion for relief from judgment for an abuse of discretion. *Jones v. Illinois Cent. R.R. Co.*, 617 F.3d 843, 850 (6th Cir. 2010). An abuse of discretion exists when a court "commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008). Because Yeschick seeks relief from the district court's denial of his Rule 60(b) motion, "a review of the merits of [the summary judgment] decision is not to be considered for the purposes of evaluating the propriety of the Rule 60(b) denial." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000). Instead, our inquiry focuses on "whether one of the specified

circumstances exists in which [the movant] is entitled to reopen the merits of his underlying claims," *id.* (quoting *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998)), and our review is limited to whether the district court abused its discretion in denying the Rule 60(b) motion. *See Burnley v. Bosch Ams. Corp.*, 75 F. App'x 329, 332 (6th Cir. 2003); *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). The grant of "'[r]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation.'" *United States v. 2621 Bradford Drive*, 369 F. App'x 663, 666 (6th Cir. 2010) (quoting *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal quotation marks omitted)).

Rule 60(b) provides grounds for relief from a final judgment for enumerated reasons, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "In determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: '(1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense. A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors.'" *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457–58 (6th Cir. 2011) (quoting *Gumble v. Waterford Twp.*, 171 F. App'x 502, 506 (6th Cir. 2006)). Clients are held accountable for their attorneys' acts and omissions. *McCurry v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 594–95 (6th Cir. 2002). "Thus, in assessing a claim of excusable neglect, 'the proper focus is upon whether the neglect of [the parties] *and their counsel* was excusable.'" *Id.* at 595 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993)).

The Supreme Court has explained that for Rule 60(b) purposes, "excusable neglect" includes "situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer*, 507 U.S. at 394. In *Pioneer Investment Services*, the Supreme Court set forth five factors for determining whether neglect is excusable: "the danger of prejudice to [the non-moving party], the length of the delay and its

potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395. We have previously considered *Pioneer* in the context of a Rule 60(b) motion brought by plaintiffs asserting ADEA claims and emphasized that *Pioneer* "focused entirely on 'out-of-time' filings" and "stands for the proposition that a district court should consider the five factors . . . in cases where procedural default has prevented the court from considering the true merits of a party's claim." *Jinks*, 250 F.3d at 386.

Here, the district court *did* consider the merits of Yeschick's ADEA claim when it granted summary judgment for the FAA. As a result, although they may help to guide the analysis of excusable neglect in this case, the *Pioneer* factors are not controlling. *See id.* at 385-86 (affirming denial of 60(b) motion based on finding that motion lacked supporting evidence and details necessary to substantiate movants' claim that the illness of a witness prevented timely filing of an affidavit and declining to engage in analysis of *Pioneer* factors); *Burnley*, 75 F. App'x at 333 (noting that *Pioneer* factors are not controlling and focusing on danger of prejudice to the other party); *Cacevic*, 226 F.3d at 490–91 (affirming finding of inexcusable neglect for failure to respond to motion for summary judgment where parties neglected procedural rules and failed to inform court of any requested extensions informally agreed upon by the parties); *Rice v. Consolidated Rail Corp.*, 67 F.3d 300, 1995 WL 570911, at *6 (6th Cir. 1995) (unpublished table decision) ("[T]hese factors are relied on by courts faced with default judgments, not in cases where relief is requested from a grant of summary judgment, a decision based on the merits of an action.").

## III.

The district court held that Yeschick's counsel's neglect in not checking the docket was not excusable. We have previously found that parties have an affirmative duty to monitor the dockets to keep apprised of the entry of orders that they may wish to appeal. *See Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 370–71 (6th Cir. 2007); *Reinhart v. U.S. Dep't of Agric.*, 39 F. App'x 954, 956–57 (6th Cir. 2002). Now that

electronic dockets are widely available, the burden imposed by this affirmative duty is minimal. Attorneys may monitor the docket from the comfort of their offices; they simply need to log-on to the CM/ECF system from a computer. *Kuhn*, 498 F.3d at 371. Further, email notification of docket activity is often available to assist attorneys in monitoring their cases. Regardless of the method of communication utilized (posted mail or email), it is the party, not the court, who bears the burden of apprising the court of any changes to his or her mailing address. *See Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion where movants claimed they did not receive mail informing them of court's entry of summary judgment due to house fire); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-1856, 816 F.2d 683, 1987 WL 37151, at *1 (6th Cir. 1987) (unpublished table decision) (affirming dismissal for failure to prosecute where appellant failed to provide district court with "current address necessary to enable communication with him"). Thus, after an email address change or migration, just as with a change of physical address, a party must inform the court of his or her updated contact information if he wishes to receive notices of electronic filing. However, we emphasize that regardless of whether email notifications are received, parties continue to have a duty to monitor the court's docket. *Kuhn*, 498 F.3d at 370–71.

Here, Yeschick's counsel did not receive notice of the electronic filings in Yeschick's case because he failed to update his email address on file with the district court. Further, he did not check the docket in Yeschick's case until more than a month after he learned (via communications regarding the unrelated *Big Sky Drilling* case) that his email address was no longer working. Even looking beyond the basic duty to monitor the docket, the notice provided to Yeschick's counsel about the problems with his email address in connection with the unrelated case should have "g[iven] him at least some indication that action might have been taken in [Yeschick's] case." *Reinhart*, 39 F. App'x at 956. In addition, Yeschick's counsel had notice that filings in the case were to be expected if he failed to respond to the FAA's discovery requests and was also

aware of the discovery cut-off date and the deadline for dispositive motions, which came and went in the almost six months during which he did not check the docket.

Yeschick argues that it is not equitable to deny his motion for relief from judgment because "the termination of the email address was not precipitated by counsel but rather by a third party." However, the email address termination is not the proximate cause of Pulito's failure to receive notice of the filings in the case. Pulito was alerted by Alltel that his email address would be migrating to Windstream, yet he failed to take the necessary steps to update his email address on file with the court. Further, as noted above, Pulito discovered that he was not receiving electronic notices about case filings in relation to the *Big Sky* case but failed to check if he had missed any filings in Yeschick's case, despite his awareness that motions were expected in the case. Pulito also received notice at the end of December 2009 that his Alltel email address was not working when the court clerk sent him a message about a bounced email.

We have previously affirmed a district court's denial of a Rule 60(b) motion for relief from the entry of a default judgment where the movant's failure to answer the complaint was due to its failure to read mail sent to a company drop box in a timely manner, and the company's mail policy failed to protect against mail going unread for long periods of time, despite the fact that the mail procedure was within the company's control. *Tri-Corner Invs. LLC v. First Defense Int'l Grp.*, *Inc.*, 361 F. App'x 629, 632 (6th Cir. 2010) (affirming denial of motion to set aside a default judgment after finding that the district court properly balanced the *Pioneer* factors). Here, the ability to update his contact information on file with the court was within Pulito's control, as was the ability to access the electronic docketing system directly in order to monitor Yeschick's case for new filings. Moreover, we have held that gross carelessness or inadvertent conduct that results in judgment will not give rise to a successful claim of excusable neglect if the facts demonstrate a lack of diligence. *See B&D Partners v. Pastis*, No. 05-5954, 2006 WL 1307480, at *3 (6th Cir. May 9, 2006) (citing 12 Moore's Federal Practice § 60.41[1][c][ii] (3d ed. 2005)). Given that Yeschick's counsel: (1) knew that his email address changed from alltel.net to windstream.net; (2) was aware that he was

not receiving notice of electronic filings in other cases and that motions were expected in Yeschick's case; (3) failed to diligently update his e-mail address; and (4) failed to monitor the docket in Yeschick's case for filings between May 2009 and January 2010, we also find a lack of the diligence required to make out a successful claim of excusable neglect.

The prejudice that would be suffered by the FAA if Yeschick's Rule 60(b) motion were granted further counsels against a finding of excusable neglect. Prejudice suffered by the party opposing the motion for relief from judgment due to expenditure of resources on discovery and filing a motion for summary judgment, which has been decided on the merits, weighs in favor of finding that attorney oversight constituted inexcusable neglect, even when good faith is found. *See Burnley*, 75 F. App'x at 333. By the time the district court entered summary judgment in its favor, the FAA had been defending against Yeschick's ADEA claim for more than six years and had necessarily expended resources in preparing and filing its second motion for summary judgment.

In sum, given the authorities endorsing an affirmative duty to monitor the electronic docket, the notice Yeschick's counsel had about the problems with the Alltel email address, the length of time that elapsed before Yeschick's counsel checked the docket or took action to correct his email address, and the time and resources already expended by the FAA in defending against Yeschick's claim, Yeschick's failure to respond to the motion for summary judgment does not constitute excusable neglect. Yeschick has failed to demonstrate that the "facts of [his] case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). As a result, the district court did not abuse its discretion in denying Yeschick's Rule 60(b) motion for relief from judgment.

IV.

Yeschick also seeks relief from the district court's order granting summary judgment to the FAA. Yeschick argues that in granting summary judgment to the FAA the district court erred and violated the law of the case as set forth in our prior decision, *Yeschick v. Mineta*, 521 F.3d 498 (6th Cir. 2008).

A.

We review a district court's grant of summary judgment *de novo*.  *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011).  Summary judgment is appropriate if the moving party shows that there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When considering a motion for summary judgment, we must draw all reasonable inferences in favor of the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  When considering an unopposed motion for summary judgment, we determine *de novo* whether the facts as presented by the movant establish that the movant met its initial burden under Rule 56.  *Cacevic*, 226 F.3d at 491.

The ADEA prohibits an employer from failing or refusing to hire any individual because of such individual's age.  29 U.S.C. § 623(a)(1).  A plaintiff may establish a violation of the ADEA through the use of direct or circumstantial evidence.  *Provenzano*, 663 F.3d at 811.  Age discrimination claims based on circumstantial evidence are governed by the three-step framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *Geiger v. Tower Auto.*, 579 F.3d 614, 622 (6th Cir. 2009).  In the first step, the plaintiff employee must establish a *prima facie* case of discrimination; if this burden is met, the employer must respond by articulating a legitimate, nondiscriminatory reason for the challenged adverse employment action.  *See McDonnell Douglas*, 411 U.S. at 802.  If the employer meets its burden, then the plaintiff must rebut the proffered reason by showing that it was pretext intended to mask discrimination.  *Id.* at 804.  All ADEA plaintiffs must carry the burden of persuasion and demonstrate that age was the "but-for" cause of the adverse employment action.  *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 129 S. Ct. 2343, 2350 (2009).

After reviewing the record, we believe that the FAA met its burden under Rule 56, so that the district court's grant of summary judgment to the FAA was proper.  *See*

*Cacevic*, 226 F.3d at 491–92; *see also Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992) (district court correctly relied on evidence designated by defendants in their unopposed motion for summary judgment). In its second motion for summary judgment, the FAA attached additional depositions which established that the FAA had legitimate, nondiscriminatory reasons for hiring air traffic controllers for the Cleveland ARTCC who graduated from the MARC program or through the VRA. These reasons included the specialized knowledge and relevant experience those applicants possessed, knowledge and experience which Yeschick lacked. Furthermore, the district court correctly found that, on the record before it, Yeschick had not carried his burden of demonstrating that age was the "but-for" cause of the FAA's failure to hire him, as he was required to under *Gross*, 129 S. Ct. at 2352. The FAA put forth evidence indicating that Yeschick's application was designated "inactive" because he did not have current contact information on file. Further, the FAA showed that applications from older applicants remained active in the PATCO pool following the review of applications in 2000. Thus, the district court did not err in granting summary judgment.

### B.

Yeschick argues that by granting summary judgment to the FAA, the district court failed to apply the law of the case because the second motion for summary judgment filed by the FAA is substantially similar to the first motion for summary judgment filed, granted, and appealed to this court. Yeschick asserts that the factual issues presented in the second motion for summary judgment have thus already been addressed by this court and therefore the factual findings made by the district court in granting summary judgment to the FAA were made in contravention of the law of the case.

The doctrine of the law of the case governs cases which involve successive rulings by coordinate courts in the same case. This doctrine "precludes reconsideration of issues decided at an earlier stage of the case." *Caldwell v. City of Louisville*, 200 F. App'x 430, 433 (6th Cir. 2006) (citation omitted); *see also Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) ("'[W]hen a court decides upon a rule of law,

that decision should continue to govern the same issues in subsequent stages in the same case.'" (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983))).  An issue that has been decided by the reviewing court on the merits and is outside the scope of remand becomes the law of the case.  *See Saqr v. Holder*, 580 F.3d 414, 420 (6th Cir. 2009).  To determine whether a district court violated the law of the case doctrine, this court considers: "a) whether the [ ] issue was expressly or impliedly decided by this court in [the first appeal], and b) whether this court's mandate to the district court was so narrow in scope as to preclude the district court from considering the [ ] issue."  *Waste Mgmt. of Ohio, Inc. v. City of Dayton*, 169 F. App'x 976, 986 (6th Cir. 2006) (internal quotation marks omitted).

During Yeschick's prior appeal, in regard to the district court's exhaustion finding that grounded its initial grant of summary judgment, we court found that "viewing the facts in the light most favorable to Yeschick . . . there is a genuine issue of material fact as to whether he was an 'active' applicant after 2000."  *Yeschick v. Mineta*, 521 F.3d 498, 506 (6th Cir. 2008).  We reversed and remanded to the district court noting that, at a minimum, Yeschick could challenge his failure to obtain a controller position that a younger applicant was hired for in the forty-five days prior to his filing of his administrative complaint.  *Id.*  We also found that because the district court's decision was based on its exhaustion finding, remand was necessary "to determine in the first instance whether Yeschick meets the remaining elements of the prima facie case."  *Id.*

Yeschick's law of the case argument is without merit.  The district court followed the mandate on remand and assessed whether Yeschick could meet the elements of a *prima facie* case of age discrimination under the ADEA.  In its second motion for summary judgment, the FAA argued that Yeschick failed to engage in any further discovery going to the merits of his complaint, that he could not establish that age was the but-for cause of the classification of his application as inactive as required under *Gross*, 129 S. Ct. at 2351, and that affidavits submitted in support of the motion demonstrated that the FAA had a legitimate, nondiscriminatory reason for not selecting

Yeschick. Yeschick offered no response to the motion. In our prior decision, we did not explicitly or impliedly decide that Yeschick *could* meet the elements of a *prima facie* case or that the FAA could not establish a legitimate, nondiscriminatory reason for not selecting Yeschick. The district court's decision does not conflict with the law of the case as decided explicitly or implicitly by this court during Yeschick's prior appeal. The district court properly considered the FAA's motion for summary judgment, which included supporting affidavits, the FAA's citation to new controlling Supreme Court precedent regarding the applicable causation standard for ADEA claims, and the absence of a response from Yeschick.

V.

For the foregoing reasons, we affirm the judgment of the district court.