NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0348n.06

No. 16-6499

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>DONNA L. THORN,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td rowspan="2"><strong>FILED</strong><br>Jun 19, 2017<br>DEBORAH S. HUNT, Clerk</td></tr>
<tr><td>   Plaintiff-Appellant,</td><td>)</td></tr>
<tr><td></td><td>)</td><td>ON APPEAL FROM THE UNITED</td></tr>
<tr><td>v.</td><td>)</td><td>STATES DISTRICT COURT FOR</td></tr>
<tr><td></td><td>)</td><td>THE MIDDLE DISTRICT OF</td></tr>
<tr><td>MEGAN BRENNAN, POSTMASTER</td><td>)</td><td>TENNESSEE</td></tr>
<tr><td>GENERAL,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>   Defendant-Appellee.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

BEFORE: BOGGS, GRIFFIN, and WHITE, Circuit Judges.

PER CURIAM. Donna L. Thorn appeals the district court's denial of her motion pursuant to Federal Rule of Civil Procedure 60(b)(1) for relief from its order granting summary judgment in favor of the United States Postal Service. As set forth below, we affirm.

Thorn works for the Postal Service as a rural carrier. In March 2013, Thorn filed this action under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*., the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., claiming that the Postal Service discriminated against her based on her physical disabilities and gender and retaliated against her based on her discrimination complaints. The district court repeatedly extended the discovery deadlines as requested by the parties. On June 3, 2016, after the case's reassignment to a different judge, the district court noted: "This case has been pending for three years and three months, and yet there is no trial date and the parties are still in the process of discovery without much progress. This case does

not appear to be overly complicated, and there is no reason that it should have been pending this long." The district court scheduled the dispositive motion deadline for July 1, 2016, the pretrial conference for September 19, 2016, and the trial for September 27, 2016, warning the parties: "There will be no extensions granted from these deadlines."

Despite this warning, the parties continued to request extensions of the discovery and dispositive motion deadlines because of discovery issues, including Thorn's failure to provide requested documents. After the district court extended the discovery deadline from July 1, 2016, to July 8, 2016, and defendants sent a deposition notice for Thorn for July 8, Thorn informed defendants on July 7—the day before her scheduled deposition—that she would be out of town until July 13, 2016. This resulted in yet another extension to July 22, 2016, and caused the district court to remark that "[i]t is completely unclear to the Court why Plaintiff would have left town when she knew (or at least her attorney knew) of the July 8 discovery deadline." The district court ultimately extended the deadline for dispositive motions to July 29, 2016, with responses due on August 19, 2016.

The Postal Service timely filed its motion for summary judgment on July 29, 2016. On August 23, 2016, four days after her response was due, Thorn filed a motion for an extension of time to respond to the Postal Service's motion for summary judgment. The district court granted Thorn an extension until noon on August 25, 2016. Thorn failed to comply with that deadline. Deeming the Postal Service's facts undisputed, *see* M.D. Tenn. R. 56.01(g), the district court "made an independent review of the record and determine[d] that there is no dispute of a material fact in this case." The district court granted the Postal Service's motion for summary judgment at 12:11 p.m. on August 25, 2016. Thorn filed her response eight minutes later. That same day, Thorn filed a motion pursuant to Rule 60(b)(1) to set aside the district court's order granting the

Postal Service's motion for summary judgment, asserting that counsel experienced computer problems when filing the response. The district court denied Thorn's motion:

> Here, based on the entire history of this case's litigation, the Court finds that Thorn's counsel's alleged-computer problems at the time her response was to be filed does not constitute excusable neglect. First, the Court does not find Thorn's counsel's allegations of computer problems credible given the history of the case. Second, even if Thorn's counsel had computer problems, he should not have waited until the last second before attempting to file the response, especially after the leniency that the Court has afforded him to this point and the constant warnings that his case could be dismissed for failure to file a timely response. Finally, if Thorn's counsel experienced computer problems, he should have contacted the Court to explain his problems rather than—once again—failing to file a timely response.

This timely appeal followed.

We review the denial of a Rule 60(b) motion for relief from judgment for abuse of discretion. *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012). "An abuse of discretion exists when a court 'commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact.'" *Id*. (quoting *In re Ferro Corp. Derivative Litig*., 511 F.3d 611, 623 (6th Cir. 2008)). "[I]n reviewing the district court's denial of a Rule 60(b) motion, we do not consider the merits of the underlying judgment." *Jinks v. AlliedSignal, Inc*., 250 F.3d 381, 385 (6th Cir. 2001).

Rule 60(b)(1) allows the district court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In deciding whether a late filing constitutes excusable neglect, courts make "an equitable determination that takes into account (1) the danger of prejudice to the other party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith." *Jinks*, 250 F.3d at 386. Here, Thorn waited until after the first deadline had passed to request an extension of time to respond to the Postal Service's motion for summary

judgment. After obtaining an extension, Thorn filed her response late. Given the history of the case, the district court did not find counsel's excuse for the delay—computer problems—credible. Thorn did not provide any evidence to substantiate that excuse. As the district court pointed out, even if counsel did have computer problems, counsel should not have waited until the last second to file the response after the court had granted an extension and had warned that failure to file a timely response could result in dismissal. Instead of simply filing an untimely response, counsel should have contacted the court to explain the computer problems. Thorn's lack of diligence and failure to provide a credible excuse did not support a finding of excusable neglect. In addition, the Postal Service would have suffered prejudice if Thorn's Rule 60(b) motion had been granted. The Postal Service had defended against Thorn's claims for more than three years and had expended resources on discovery, which was prolonged due to Thorn's failure to provide requested information, as well as its motion for summary judgment, which was granted by the district court after "an independent review of the record." *See Yeschick*, 675 F.3d at 631; *Burnley v. Bosch Ams. Corp.*, 75 F. App'x 329, 333 (6th Cir. 2003). Although Thorn filed her response only 19 minutes after the deadline, the district court properly weighed the other factors to find that there was no excusable neglect. Under the circumstances of this case, the district court did not abuse its discretion in denying Thorn's motion for relief under Rule 60(b)(1).

Thorn also argues that the district court could have granted relief pursuant to Rule 60(b)(6), which allows the district court to relieve a party from a final judgment "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) "applies only in exceptional and extraordinary circumstances which are not addressed by the first five subsections of Rule 60(b)." *Jinks*, 250 F.3d at 387. Thorn's late filing did not present an "unusual and extreme

situation[ ] where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

For these reasons, we **AFFIRM** the district court's order denying Thorn's Rule 60(b)(1) motion.