NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0395n.06

No. 21-1376

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

JAMES BURR,

      Plaintiff-Appellant,

v.

GRAND TRUNK WESTERN RAILROAD
COMPANY,

      Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)

**FILED**
Oct 04, 2022
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF
MICHIGAN

OPINION

Before: SUTTON, Chief Judge; BOGGS and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. James Burr appeals the district court's denial of his motion
to reconsider a dismissal order that he neglected to appeal directly. Burr sued his former employer,
Grand Trunk Western Railroad Company, asserting claims under the Federal Employers' Liability
Act. After Burr repeatedly obstructed discovery, the district court dismissed his case. Two months
later, Burr filed motions for reconsideration and relief from judgment. The court denied those
motions, and we affirm.

I.

Burr alleges that he suffered debilitating injuries while working at Grand Trunk after a
coworker backed into him with an all-terrain vehicle. He filed this suit in 2017 to recover for those
injuries. But Burr proved uncooperative during discovery. For example, when Grand Trunk asked
for a list of his medical providers, Burr omitted 18 of them; and he failed to provide the correct
information until Grand Trunk moved to compel. Burr also waited months to respond to later

requests for updated information and medical authorizations. After Grand Trunk's third motion to compel in the case, the district court scheduled a show-cause hearing. There, the court ordered Burr to comply with all outstanding discovery requests and warned him that further noncompliance would result in dismissal of his case. Yet Burr again failed to comply with the court's order, and Grand Trunk moved to dismiss. Burr did not respond, and the district court granted the motion. Burr then filed motions for reconsideration under Local Rule 7.4 and relief from judgment under Rule 60(b). The district court denied relief, and this appeal followed.

## II.

We review a district court's denial of a motion for reconsideration for an abuse of discretion. *In re Greektown Holdings, LLC*, 728 F.3d 567, 573 (6th Cir. 2013). The same standard applies to the denial of a motion for relief from judgment. *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 453-54 (6th Cir. 2008).

Burr argues that the court should have reconsidered its dismissal order because, he says, his attorneys were to blame for the delays. Under the governing local rule, the district court could grant reconsideration only if Burr showed that the court's order was based upon a "palpable defect" in its reasoning. *Evanston Ins. Co. v. Cogswell Properties, LLC*, 683 F.3d 684, 691-92 (6th Cir. 2012). To that end, Burr emphasizes that dismissal "is a harsh sanction which the court should order only in extreme situations." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). Yet clients are accountable for their attorneys' acts and omissions. *Yeschick v. Mineta*, 675 F.3d 622, 629-30 (6th Cir. 2012). And "stubbornly disobedient" lawyering can justify dismissal. *Harmon v. CSX Transp. Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Burr's attorneys ignored reasonable discovery requests, flouted a court order, and failed to respond to a motion to dismiss.

The district court's order therefore did not contain a "palpable defect," and the court was not bound to reconsider it. *See In re Greektown Holdings*, 728 F.3d at 574-75.

Burr also argues that his attorney's failure to respond to the motion to dismiss was "excusable" under Rule 60(b)(1). Specifically, Burr says that his attorney's secretary did not receive notice of the motion. But his attorney undisputedly received the motion and neglected to respond. *Cf. Yeschick*, 675 F.3d at 629-30. His attempt to blame a secretary for that error compounds rather than excuses it. And Burr offers no explanation for his counsel's intransigence during discovery. Hence the district court did not abuse its discretion when it denied relief.

The district court's judgment is affirmed.