NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0075n.06

No. 22-1493

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 07, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| TEMUJIN KENSU, | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| CORIZON INC., et al., | ) | DISTRICT OF MICHIGAN |
| Defendants-Appellees. | ) | OPINION |
| | ) | |

Before: SILER, BATCHELDER, and KETHLEDGE, Circuit Judges.

**ALICE M. BATCHELDER**, **Circuit Judge.** Plaintiff-Appellant Temujin Kensu appeals the district court's denial of his Rule 60(b)(1) motion for relief from judgment. Kensu argues that his attorney's sudden medical issues suffice to show excusable neglect for his failing to file a timely response to the defendants' motion for summary judgment. For the following reasons, we **AFFIRM**.

## I.     Background and Procedural History

This case was originally a class action on behalf of prisoners housed within the Michigan Department of Corrections, but Kensu dismissed the class claims and kept his individual Eighth Amendment claim. Kensu claims that the defendants unreasonably denied him access to medically necessary treatment and were deliberately indifferent to his serious medical needs. He alleges that their unconstitutional practices, policies, and customs are meant to maximize profit at the expense of prisoners' health. The defendants moved for summary judgment on July 30, 2021.

Around that same time, Kensu's counsel suddenly lost vision in his right eye, which led to a brief hospitalization and several doctor visits locally and in Iowa. Because his counsel is the only attorney at his firm, his staff filed several motions for emergency continuance for him in other cases. However, on August 16, 2021, he realized he had not filed for a continuance in this case— the same week the response to the motion for summary judgment was due. Despite his intent to file the response in opposition, because he was in Iowa for medical appointments, he missed the August 20, 2021, deadline. The district court granted the Appellees' motion for summary judgment on October 18, 2021.

Four days after the district court granted summary judgment, Kensu filed a Rule 60(b)(1) motion for relief from judgment. The district court denied the motion. The court concluded that the failure to file a response was not due to excusable neglect because counsel had ample time prior to the deadline to notify the court, ask for an emergency continuance, or seek leave to file a late response, but he did not, despite doing so in several other cases. The court determined that counsel's "accidental neglect," forgetfulness, or carelessness do not constitute excusable neglect. The court also held that, even if it found excusable neglect, Kensu did not have a meritorious underlying claim because he did not show a causal connection between the prison policy and his alleged injury. Kensu timely appealed the denial of his Rule 60(b)(1) motion.

## II.    Legal Standard

This court reviews the district court's denial of a Rule 60(b) motion for relief from judgment for an abuse of discretion. *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012). "An abuse of discretion exists when a court commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous

findings of fact." *Id.* The "public policy favoring finality of judgments and termination of litigation" disfavors granting relief under Rule 60(b). *Id.* (citation omitted).

Rule 60(b) allows relief from a final judgment for several reasons, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). To determine if Rule 60(b)(1) relief is appropriate, the court considers: "(1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense." *Yeschick*, 675 F.3d at 628 (citation omitted). The court must find a lack of culpability before examining the other two factors. *Id.* at 628-29.

## III. Discussion

Whether counsel here was culpable—that is, whether his conduct amounted to excusable neglect—presents an unusually close question. Because Kensu cannot obtain the relief he seeks unless he can present evidence that he has a meritorious underlying claim—even if the neglect were held to be excusable—we will review the district court's conclusion that he did not.

When a plaintiff alleges that a constitutional violation arises from the execution of a policy or custom, the plaintiff must (1) identify the policy, (2) connect the policy to the entity, and (3) show that the particular injury was incurred because of the execution of that policy. *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 598 (6th Cir. 2021). To show that such a policy or custom exists, the plaintiff may prove "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). Liability rests "on a direct causal connection between the policies or customs . . . and

the constitutional injury to the plaintiff." *Gray v. City of Detroit*, 399 F.3d 612, 617 (6th Cir. 2005).

Kensu alleges that the defendants engage in policies, practices, or customs that result in their being deliberately indifferent to his serious medical needs. Besides alleging that the staff are purposely refraining from treating him, falsifying records, and taking away approved devices, he alleges that the defendants engage in the following policies, practices, or customs:

> A. "'[D]eferring' 90% to 99% of all physician-recommended referrals for surgery or consultations with specialists; and"
> B. "[D]enying any outpatient surgery that required an overnight stay."
> C. "[I]gnoring treatment recommendations of specialists selected by Defendants to assess the medical condition of Plaintiff and the Class."
> D. "[D]isguising treatment denials as 'deferments' in which prisoners never get needed treatment, despite recommendations by their treating physicians."

Even if these policies do exist, Kensu needed to provide at least some evidence that *his* medical needs have been denied *because of* one or more of those policies. He failed to do so. Although he attached to his Rule 60(b) motion his proposed Response in Opposition to Defendants' Motion for Summary Judgment, he provided no documentation to connect the dots between one of these alleged policies and the medical care he claims to have been denied. The only evidence available to review are deposition transcripts, referral data from the defendants, and affidavits from several medical professionals. While Kensu points to some deposition testimony that the defendants defer referrals, he has not shown that his care was deferred because of the policy. The only other evidence available to us is the evidence from the defendants, which directly contradicts Kensu's allegations. Further, some of Kensu's complaints appear to be disagreement with how he is being treated, which is not sufficient to show a constitutional violation. Without at least some admissible evidence upon which a jury could find in his favor, Kensu cannot

demonstrate a meritorious claim. The district court therefore did not abuse its discretion when it denied Kensu's Rule 60(b)(1) motion.

## CONCLUSION

For the foregoing reasons, we **AFFIRM**.