**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-12404

Non-Argument Calendar

_____

EDWARD BLUM,

*Plaintiff-Appellant,*

*versus*

ALACHUA COUNTY,
  By and through the Alachua County Board of County
  Commissioners,
VERNEST LEGREE,
  Individually and as Alachua County Park Superintendent,
SHERIFF OF ALACHUA COUNTY,
  In his official capacity as Sheriff of Alachua County,
JASPER STEPHENSON,
  In his official capacity as Deputy Sheriff of Alachua County,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:23-cv-00283-AW-MJF

_____

Before LAGOA, KIDD, and BLACK, Circuit Judges.

PER CURIAM:

Edward Blum appeals the district court's denial of his Motion for Rehearing and Reconsideration and Motion to File Second Amended Complaint. In denying the motion, the district court concluded that Blum did not make a showing of excusable neglect that would justify relief from the judgment under Federal Rule of Civil Procedure 60(b)(1). Blum asserts that his computer and physical problems constituted excusable neglect. After review, we affirm.

## I.  BACKGROUND

Blum originally filed this action against Alachua County (County), Alachua County Sheriff Emery Gainey (Sheriff), Vernest Legree, and Jasper Stephenson on November 25, 2023, and filed a first amended complaint on December 27, 2023. The Sheriff filed a motion to dismiss on January 18, 2024, and the County filed its motion to dismiss on January 23, 2024. Blum did not respond to either motion by the deadline, and the district court ordered Blum to respond by February 14, 2024, to avoid a default judgment. Blum did not respond until February 23, 2024. Although Blum's response was untimely, the district court considered his response in granting the County's and Sheriff's motions to dismiss on February

26, 2024. The next day, the district court entered a separate order stating that the remaining defendants, Legree and Stephenson, had not been served, and that Blum must file a notice within seven days regarding the status of service. Blum did not file the notice, and the district court found that "[i]t appears [Blum] has abandoned his case," and dismissed the remaining claims for failure to effect service and failure to comply with a court order. The district court then directed the clerk to enter a judgment dismissing the claims against the County and Sheriff on the merits and dismissing all other claims without prejudice. The clerk entered judgment dismissing the case on March 22, 2024.

Blum then filed his "Motion for Rehearing and Reconsideration and Motion to File Second Amended Complaint" on April 16, 2024. Blum's counsel asserted he had never received through CM/ECF (1) the February 26, 2024, order granting the County's and Sheriff's motions to dismiss, (2) the February 27, 2024, order directing Blum to notify the court regarding the status of service on Legree and Stephenson, (3) the March 22, 2024, order of dismissal, or (4) the March 22, 2024, judgment dismissing the case. Blum's counsel stated he was "working from home since January 2020, due to Covid and his heart condition, recently undergoing emergency heart surgery. His computer system was infected when he received a virus from another attorney in another case." He also stated Legree and Stephenson could not be located at the addresses provided, and requested the County and Sheriff provide current known addresses for Legree and Stephenson. Blum further moved

4                    Opinion of the Court                    24-12404

to file a second amended complaint to clarify a malicious prosecution claim and a breach of contract claim.

The district court denied Blum's motion, first stating that it could not reconsider any order after final judgment was issued without first setting aside the judgment. Thus, the court construed Blum's motion as one for relief from the judgment under Federal Rule of Civil Procedure 60(b)(1), and specifically considered whether Blum demonstrated excusable neglect. The district court concluded Blum was unable to show excusable neglect, reasoning that "Blum's entire justification is that he did not receive the orders at issue," but Blum did not offer details on why he did not receive them. While he mentioned counsel was working at home since January 2020 due to Covid, a heart condition, and recent heart surgery, the district court determined attorneys regularly receive orders at home. "Indeed, Blum's counsel apparently did so, as he has responded (often untimely) to other orders in this case." The motion also did not explain how "counsel's heart surgery precluded receipt of the orders or otherwise precluded his diligence in keeping up with the case."

As to the alleged computer virus, Blum's counsel provided no details regarding when the computer was infected, the extent of the virus, and when the issue was resolved. However, the district court determined that even if those details were provided, a computer virus was not enough to show excusable neglect as counsel had a duty to keep informed as to the status of the case. The district court also found that reopening the case would unfairly

prejudice the County and the Sheriff as fifty days had between the dismissal of the case against them and Blum's motion for rehearing. The district court concluded that Blum's failure to show that his claims have any merit and the fact that he had missed deadlines throughout the case, failed to comply with court orders, and otherwise delayed the litigation, also weighed against granting relief.

## II. DISCUSSION

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). We use a four-factor test to determine whether a party has shown excusable neglect, considering "'the danger of prejudice to the [nonmovant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997-98 (11th Cir. 1997) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). We have expressed "wariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993). An attorney's negligent failure to respond to a motion generally does not constitute excusable neglect, even though this result "appears to penalize innocent clients for the forgetfulness of their attorneys." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986).

The district court did not abuse its discretion in determining that Blum did not show excusable neglect and in denying his motion under Rule 60(b)(1).  *See Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 842 (11th Cir. 2008) (reviewing a district court's denial of a Rule 60(b) motion for abuse of discretion); *Advanced Estimating Sys.*, 130 F.3d at 997 (reviewing a district court's determination of excusable neglect for abuse of discretion). The record reflects that the court applied the appropriate standard in considering the applicable factors to determine whether there was excusable neglect.  *See Advanced Estimating Sys.*, 130 F.3d at 997-98.

The district court considered the danger of prejudice to the County and the Sheriff in reopening the case, as the claims against those defendants had already been dismissed for fifty days when Blum filed his motion.  Further, while Blum blamed the delay on physical and computer issues, he did not specify any dates for those issues and offered no details as to why he did not receive the district court orders.  Our review of the record supports the district court's determination that Blum's counsel received orders at home, "as he . . . responded (often untimely) to other orders in this case."  Blum "had a duty of diligence to inquire about the status of [his] case." *See Trevino v. City of Fort Worth*, 944 F.3d 567, 571-72 (5th Cir. 2019) (affirming denial of Rule 60(b) motion where movant claimed court emails were diverted to spam filter); *see also Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012) ("Now that electronic dockets are widely available, the burden imposed by this affirmative duty [to monitor the dockets] is minimal.").  Finally, the district court considered the good faith of the movant by noting that "throughout

24-12404                Opinion of the Court                7

this case he . . . missed deadlines, failed to comply with court orders, and otherwise delayed the litigation."

We conclude the district court did not abuse its discretion when it denied Blum's Motion for Rehearing and Reconsideration and Motion to File Second Amended Complaint pursuant to Rule 60(b)(1).

**AFFIRMED.**